MARCEL, Judge Pro Tem.
Plaintiff, Inez Roussel Luquette, filed this suit against Colonial Sugars Company and its workmen’s compensation insurer, Insurance Company of North America, endeavoring to recover workmen’s compensation benefits under the Louisiana Workmen’s Compensation Act, due to the death of her husband from a myocardial infarction with ventricular fibrillation during the course and scope of his employment by the defendant.
Following a trial on the merits, judgment was rendered in favor of the plaintiff awarding her $1,000 for burial expenses and the sum of $49 per week for a period not to exceed 500 weeks with legal interest on each past due installment until paid and all costs of these proceedings.
From that judgment, the defendant has prosecuted this appeal.
The record discloses that the decedent had been an employee of Colonial Sugars for some 47 years prior to the date of his death on July 31, 1972. He was employed as a machinist in the machine shop of his employer’s sugar refinery. On the morning of his death, he ate a good breakfast and went to work as usual without complaint. The decedent had been working on a dismantled pump for the three days prior to his death. The record shows that he had dismantled the pump but a fellow employee had performed the heavy manual work for him. About 8:00 a. m. on the day of his death, the decedent and his helper had turned one-half of the pump on its side for the purpose of taking some measurements. This half of the pump weighed approximately 70 pounds. The rest of the day, the decedent was working on a lathe and making a bushing for the pump. The bushing he was working on weighed approximately 2 to 3 pounds. At 2:00 p. m. Mr. Luquette left the lathe and was walking to a drill rack, a distance of about 20 feet, when he collapsed.
The plant physician was immediately called in and pronounced Mr. Luquette dead at 3:15 p. m. This physician, who was also the decedent’s treating physician, testified that he determined that the decedent had died instantly. The decedent had died of a myocardial infarction with ventricular fibrillation. The physician testi *773 fied that this condition is caused by arteriosclerosis, which is a buildup of hard material in the arteries which causes the arteries to narrow. This process develops over a period of years until an artery becomes completely blocked.
There is ample evidence in the record that a person of the decedent’s age with arteriosclerosis could suffer a myocardial infarction at any time without warning and that medical science as yet has not developed methods of predicting the infarction beforehand. It is a medical fact that a myocardial infarction can be brought on in a person with arteriosclerosis by strenuous manual labor.
The issue before this court is to determine whether or not the decedent’s myocardial infarction was caused, precipitated, or accelerated by the activities of his employment. This court stated the questions that must be answered in a case of this nature in the case of Vicknair v. Avondale Shipyards, Inc., 220 So.2d 580 (La.App., 1969) when it said:
“Complications in proving causation of death arise from the fact that the natural progress of preexisting heart infirmities can produce disability at any moment irrespective of any outside influence. However, it is well settled that the rationale of our jurisprudence uniformly recognizes that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is preexisting, when caused, precipitated, or accelerated by even the usual and customary activities, exertions, and other factors directly connected with the employment. In many cases of this nature, two questions are usually posed for the court’s consideration: (1) was the immediate cause of the death a heart failure or myocardial infarction and (2) if so, did the plaintiff prove by a preponderance of the evidence that the decedent’s work brought on, precipitated, or accelerated the fatal heart attack.”
The answer to the first question is obviously, yes, but after a careful review of the record, we must answer, no, to the second question. The decedent had no prior complaints before his death. While earlier in the week he had been engaged in dismantling the pump, testimony established that his helper had performed all the heavy labor connected with the job. Approximately 6 hours before his death he had turned one-half of the pump on its side but again he was assisted by his helper.
At the time of his death he had been working on a lathe making a bushing for the pump. The bushing weighed between 2 and 3 pounds. He died while walking a distance of approximately 20 feet to get a drill bit for the lathe.
The evidence fails to disclose that he was engaged in any strenuous activity, exertion, exposure to excessive heat or any such condition that could have caused, precipitated, or accelerated the fatal heart attack. We therefore hold that the plaintiff has failed to satisfy the burden of proof necessary to establish a causal connection between her husband’s death and his employment.
It is a well established principle of law in this state that the trier of fact is accorded wide discretion in his conclusions of fact. This principle was amply stated in the case of Deshotel v. Aetna Casualty & Surety Company, 269 So.2d 850 (La. App., 1972):
“Although the findings of fact by a trial judge or jury are entitled to great weight on appeal and will not be disturbed unless found to be clearly erroneous, the appellate court must review the facts as well as the applicable law in a civil case and the verdict will be set aside if the judgment is clearly erroneous. LSA-Constitution Article 7, § 10; Lewis v. Travelers Insurance Company, 247 So.2d 635 (La.App. 3 Cir. 1971); Barry v. Billac, 250 So.2d 516 (La.App. 4 Cir. 1971).”
*774 For the foregoing reasons, the judgment of the trial court awarding the plaintiff burial expenses and the sum of $49 per week not to exceed 500 weeks is reversed. Costs of this proceeding are to be paid by the plaintiff-appellee.
Reversed.