318 So.2d 37 (1975)
Inez ROUSSEL, widow of Ference Luquette
v.
COLONIAL SUGARS COMPANY (a subsidiary of Borden, Inc.) and Insurance Company of North America.
No. 56002.
Supreme Court of Louisiana.
September 5, 1975.
Richard L. Edrington, Carville & Edrington, Laplace, for plaintiff-applicant.
Ralph S. Johnson, Johnson & Riess, New Orleans, for defendants-respondents.
MARCUS, Justice.
Plaintiff, Inez Roussel Luquette, filed this suit against Colonial Sugars Company and its workmen's compensation insurer, Insurance Company of North America, seeking to recover death benefits under the *38 Louisiana Workmen's Compensation Act. The claim is based upon the death of plaintiff's husband, Ference Luquette, from a myocardial infarction which occurred during the course and scope of his employment as a machinist with defendant Colonial Sugars Company.
The trial court rendered judgment in favor of plaintiff and against defendants, awarding her $1,000.00 for burial expenses and the sum of $49.00 per week from July 31, 1972 for a period not to exceed 500 weeks, together with legal interest on each past-due installment until paid, and for all costs. The court of appeal reversed. La.App., 306 So.2d 771. We granted certiorari to review the correctness of this judgment. For reasons hereinafter set forth, we reverse and reinstate the judgment of the trial court.
Ference Luquette, age 63, was an employee of Colonial Sugars Company for 47 years. As a machinist in defendant's sugar refinery, Luquette and a fellow employee had been engaged in the dismantling of a pump weighing approximately 175 pounds for the three days prior to his death. On the morning of his death, July 31, 1972, decedent and his helper turned over half the pump (liquid end) which weighed about 75 pounds for the purpose of taking some measurements. Thereafter, decedent placed a steel shaft in a lathe, tightened it, and was making a bushing to be used on the pump. The shaft weighed about 2 or 3 pounds. At 2:00 p.m., decedent walked to a drill rack, a distance of some 20 feet from the lathe, where he collapsed and died of a fatal heart attack. Dr. Ward Turner, the plant physician who pronounced Luquette dead at 3:15 p.m., determined that death was instantaneous and was caused by a myocardial infarction with ventricular fibrillation. This condition is caused by arteriosclerosis, a process which develops over a period of years.[1]
Dr. Turner was also decedent's treating physician. He testified that he first treated decedent in 1960 for hypertension (abnormal elevation of blood pressure). Over a period of six months, this treatment resulted in decedent's blood pressure being reduced within normal limits. Dr. Turner testified that a myocardial infarction could occur at any time and that he probably would not have approved a person in the deceased's physical condition for employment as a machinist in a pre-employment examination. He stated that a myocardial infarction could be brought on by being involved in strenuous activity. He further testified that strenous activity by a person in perfect health would not force him to go beyond his cardiac reserve. However, an individual with arteriosclerosis who exceeds his cardiac reserve by strenuous activity could precipitate a myocardial infarction.
The deposition of Dr. Melvyn F. Kossover was introduced into evidence. He stated that strenuous activity over a long period of time by a person in decedent's condition could be dangerous. He further stated that the activity of decedent as a machinist could be detrimental to a person of decedent's physical condition, as it would cause increased strain on the heart which could result in a myocardial infarction. Further, an increased stress in lifting a heavy object could also precipitate a myocardial infarction.
In order to recover death benefits under the Louisiana Workmen's Compensation Act, plaintiff must establish that her husband received a personal injury by accident arising out of and in the course of his employment. La.R.S. 23:1031. It is not only conceded but clearly established that decedent suffered an "accident" and "injury" within the meaning of our workmen's compensation law. La.R.S. 23:1021(1) and (7); Ferguson v. HDE, Inc., 270 So.2d *39 867 (La.1972); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969) (on rehearing).
The only remaining issue for determination is whether plaintiff proved by a preponderance of evidence that the fatal heart attack which occurred on the job was caused by decedent's employment. Difficulty in proving causation arises from the fact that a pre-existing heart infirmity can produce disability at any moment irrespective of any outside influence. However, it is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart attack could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. As previously stated, it is only necessary that the death or disability resulting from the accidental injury be caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Ferguson v. HDE, Inc. and Bertrand v. Coal Operators Casualty Company, supra.
In the instant case, the record reveals that decedent was engaged in manual labor as a machinist in the refinery at the time of the fatal heart attack. He was performing the usual and customary duties of his employment. We have no hesitancy in concluding that these activities were strenuous in nature. There is no dispute that decedent did, in fact, have a history of hypertension and that he did suffer a myocardial infarction resulting in immediate death while performing the duties of his employment. It is established by the medical testimony that the myocardial infarction suffered by decedent on the job which resulted in his death could have been caused or precipitated by the usual and customary actions and exertions of decedent's duties as a machinist. Causal connection was thus clearly established by a preponderance of evidence in this case.
This conclusion is in conformity with the finding of the trial court and contrary to the judgment of the court of appeal. Hence, we conclude that the court of appeal erred in reversing the judgment of the trial court. Besides, the factual conclusions of the trial court must be given great weight by a reviewing court. Canter v. Koehring, 283 So.2d 716 (La.1973).

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The judgment of the district court is reinstated and made the judgment of this court. All costs are assessed against the defendants.
SUMMERS, J., dissents for the reasons assigned by the Court of Appeal. See La.App., 306 So.2d 771.
NOTES
[1] A myocardial infarction is caused by a blockage of one of the arteries to the muscle of the heart. The cause of this blockage may be varied. It is almost invariably caused by some arteriosclerotic changes.