322 So.2d 821 (1975)
Jeannette Powe, widow of John C. BARNES, Individually and on behalf of her minor children, Caroline Elizabeth Barnes and John Christopher Barnes
v.
CITY OF NEW ORLEANS.
No. 7171.
Court of Appeal of Louisiana, Fourth Circuit.
November 11, 1975.
Rehearing Denied December 9, 1975.
Writ Refused January 30, 1976.
Orlando G. Bendana, New Orleans, for plaintiffs-appellees.
Blake G. Arata, Thomas P. Anzelmo, Jackson P. McNeely, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and SCHOTT, JJ.
REDMANN, Judge.
The City of New Orleans appeals from a judgment awarding workmen's compensation benefits for the death of a clerical employee who died in bed at home from a myocardial infarction. The employee's beneficiaries answer, seeking penalties and attorney's fee.
City employees are covered by the compensation law, La.R.S. 23:1034. Death or disability from heart attack or stroke is from "injury" from "accident" within the meaning of R.S. 23:1031, Ferguson v. HDE, Inc., La.1972, 270 So.2d 867; Leleux v. Lumbermen's Mut. Ins. Co., La. 1975, 318 *822 So.2d 15; Luquette v. Colonial Sugars Co., La.1975, 318 So.2d 37. The question is whether the accidental injury is one "arising out of and in the course of his employment" and therefore compensable, R.S. 23:1031.
The employee experienced symptoms including chest pains while at work in the late morning of October 18, 1972. His illness was obvious to other employees, one of whom took him home about 2 p. m. He died between midnight and 7 a. m. of October 19.
The atmosphere of the employment was relaxed; the office was air-conditioned. The employee had since 10 a. m. been engaged in replacing (by using transparent tape) some numbers on a chart or graph which was needed for a 2 p. m. meeting of a budget committee. Thus there was some "pressure" from a deadline, but there is no showing of the amount of work to be done within the time available.
The lay testimony from the other employees persuades us that the work being done was ordinary clerical work, entailing the ordinary necessity of getting something done.
The medical testimony, nevertheless, persuades us that the work caused or contributed to the fatal infarction. One coronary artery of the employee was severely restricted by a years-old atherosclerotic process which had compromised circulation to the heart muscle. In Luquette, the court noted that "an individual with arteriosclerosis who exceeds his cardiac reserve by strenuous activity could precipitate a myocardial infarction." Our employee's condition was such that the activity of doing not strenuous but ordinary work brought about his infarct and death (as, indeed, could ordinary activity at home have done). But the connection of work to infarct is not any less present. The trial judge found "that the evidence is amply sufficient and in fact overwhelming that indeed something occurred on the job, whether it was an infarction or . . . a development of an infarction, or. . . an additional insufficiency of oxygen supplied to the heart or something related to the heart, which was at the very least a further deterioration of his heart situation."
This "injury" from "accident" did arise out of and in the course of the employment.
We also agree with the trial judge's refusal of penalties and attorney's fees. The question this court thought "probable cause" to refuse compensation entirely when it decided Luquette (306 So.2d 771, later reversed by the Supreme Court) was "probable cause" here within R.S. 23:1201.2, entitling the city to a judicial determination of liability for a heart attack of a clerical employee.
Affirmed.