368 So.2d 461 (1979)
Gerald CORMIER, Plaintiff-Appellant,
v.
AETNA INSURANCE COMPANY and Paul Camel, Defendants-Appellees.
No. 6808.
Court of Appeal of Louisiana, Third Circuit.
February 5, 1979.
Rehearing Denied March 29, 1979.
*462 Plaisance & Franques, A. J. Plaisance, Lafayette, for plaintiff-appellant.
Voorhies & Labbe, W. Gerald Gaudet, Lafayette, for defendants-appellees.
Before DOMENGEAUX, FORET and STOKER, JJ.
FORET, Judge.
This is a suit for workmen's compensation benefits brought by the employee, Gerald Cormier, against his employer, Paul Camel, and his employer's insurer, Aetna Insurance Company. The sole question presented on appeal is whether the trial court erred in holding that the plaintiff's disability was not caused or contributed to by a work-related accident.
On February 24, 1976, Gerald Cormier was employed by the Camel Construction Company as a heavy equipment operator. On that date, while operating a backhoe, the plaintiff sneezed and immediately experienced severe chest pains, numbness, and dizziness. The plaintiff was taken to a nearby hospital where he was diagnosed as having a congenital heart disease. The appellant subsequently entered into a workmen's compensation settlement with Aetna Insurance Company, but later filed the instant suit and succeeded in having the compromise overturned.
Testimony established at trial that the plaintiff had suffered a defect in his heart from birth. The plaintiff was examined by three qualified physicians and all stated that he had an atrial septal defect, otherwise described as a hole in the wall of the heart. This condition was further complicated by an abnormality in the plaintiff's vein pattern as it enters and exits the heart. As a result of this condition, all three doctors testified that the plaintiff was disabled.
Dr. Ritchey, the examining physician at the hospital to which the plaintiff was taken after the incident, stated that it was highly unlikely that there was any causal relationship between plaintiff's job and his heart condition. Rather, his heart disease was a congenital condition from which he suffered from the time of his birth. Dr. Frank H. Davis, in his deposition, indicated that although manual labor may place an increased stress on someone suffering from such a defect, that the stress plaintiff experienced on his job had no connection with his disability. According to Dr. Davis, had the plaintiff been examined immediately prior to the onset of the symptoms he complained of, he would have been diagnosed to suffer from the same condition that caused Dr. Ritchey to determine him to be disabled. Finally, Dr. Lester L. Ducote, Jr., emphatically stated that the incident of February 24, 1976, had absolutely nothing to do with the determination of the plaintiff's disability. The testimony revealed that the reason plaintiff is disabled is due to his congenital heart defect and not any work-related accident that he may have experienced.
It is generally accepted that workmen's compensation is recoverable when an accident aggravates or accelerates a pre-existing condition thus producing a disability. Anderson v. Jefferson Mechanical Contractors, Inc., 301 So.2d 420 (La.App. 4 Cir. 1974). Therefore, in order to recover benefits, the plaintiff need show that there was (1) an accident; (2) a disability; and (3) a causal connection between the accident and the disability. In this case the plaintiff has failed to establish the latter requirement.
The criterion for causal connection between the accident and the disability is: Has the accident changed the plaintiff's condition so as to render him disabled and *463 unfit for his former employment? Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1968). Clearly, the testimony in this case indicates that the accident did not affect the plaintiff's disability. Had there been no such accident, the plaintiff would have still been diagnosed as disabled due to his congenital heart disease. Under these circumstances, the appellant has failed to establish a causal connection between the incident which occurred on the job and his disability. Therefore, this Court agrees with the action of the trial court in dismissing plaintiff's claim.
For the above and foregoing reasons, the judgment of the trial court is affirmed, and all costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.