STOKER, Judge.
Plaintiff, Michael McCauley, brought this action against Delta Drilling, Inc. and its workmen’s compensation insurer, Highland Insurance Company, to recover workmen’s compensation benefits alleging that he suffered an accident in the course and scope of his employment with Delta Drilling. After a trial on the merits, the trial judge found in favor of defendants, dismissing plaintiff’s claim. From this judgment plaintiff has perfected this appeal.
The facts reveal that plaintiff was employed by Delta Drilling as a roughneck. His duties required the performance of strenuous labor. On August 6, 1978, plaintiff worked hard as usual, and upon returning home, complained to his wife of dull back pains. The next day plaintiff traveled to Houston, Texas, with his family to begin his vacation. On the third day of plaintiff’s vacation, he began to experience severe back pains. Because of his back condition, plaintiff terminated his stay in Houston to return home to rest. On the last day of his vacation, plaintiff was requested by his driller to help set up a drilling rig. Since his help was needed, plaintiff agreed to work, notwithstanding his back pain. At the end of the work period, plaintiff’s back was causing him such severe pain that he decided to consult a doctor.
Plaintiff was examined by Dr. Bryan Heinan, who diagnosed possible muscle spasms and recommended conservative treatment. Since his condition did not improve, plaintiff underwent examination by Dr. Wayne LaHaye, a general practitioner engaged in family practice. Dr. LaHaye referred plaintiff to Dr. Gaar, an orthopedist. Dr. Gaar placed plaintiff in a back brace in an attempt to avoid surgery. Plaintiff never returned to work after his initial consultation with Dr. Heinan. It is the general consensus of the doctors that plaintiff is disabled from returning to his previous job.
Plaintiff requested workmen’s compensation benefits from Delta Drilling which were denied. Thereafter, this action was filed.
Plaintiff assigns as error the trial judge’s finding that he is not entitled to receive workmen’s compensation benefits.
In order to recover workmen’s compensation benefits the plaintiff must establish that his disability resulted from personal injuries caused by an accident arising out of, and in the course of, his employment. LSA-R.S. 23:1031.
In this case, defendants do not dispute the fact that plaintiff is disabled. Defendants contend that plaintiff’s disability is not the result of injuries caused by a work-related accident.
The record reveals that plaintiff had a congenital back disorder which existed prior to his employment with defendant. This fact alone, however, does not defeat plaintiff’s claim. The jurisprudence has held that workmen’s compensation is payable when an occupational accident aggravates or accelerates a pre-existing condition and produces disability. Chism v. Kaiser Aluminum & Chemical Corporation, 332 So.2d 784 (La.1976).
Plaintiff is entitled to receive workmen’s compensation benefits if the preponderance of the evidence shows that a work-related accident aggravated his congenital back disorder causing his present disability.
*DCLIX Although plaintiff could not specify the exact occasion on which the accident producing the injury occurred, he indicated two incidents which he contends aggravated his congenital back disorder producing his disability. (R. 270)
However, the record also reveals that plaintiff never reported any accident to his employers or any fellow employees. (R. 279) Dr. Gaar and Dr. Webre testified that if plaintiff had suffered a work-related trauma producing his back injury he probably would have been aware of the circumstances surrounding the event. (R. 100, 112) Four of plaintiff’s co-workers, one of whom was his brother-in-law, testified that plaintiff informed them that he had injured his back while working on his house during vacation. (R. 308, 316, 321, 326).
The preponderance of the evidence does not support plaintiff’s contention that a work-related accident caused the injury to his back. In fact, no specific trauma which may have caused an injury was proved to have occurred during the course of his employment. See Leleux v. Lumbermen’s Mutual Ins. Co., 318 So.2d 15 (La.1975) and Cormier v. Aetna Ins. Co., 368 So.2d 461 (La.App. 3rd Cir. 1979). Nor was it proved by a preponderance of the evidence, if in fact it was proved at all, that plaintiff’s condition was the result of accidental injury caused or precipitated by unusual and customary actions, exertions and other factors directly connected with plaintiff’s employment as in Roussel v. Colonial Sugars Co., 318 So.2d 37 (La.1975) upon which plaintiff heavily relies. Moreover, the Roussel case involved death through heart attack suffered on the job. Therefore, the Roussel case is distinguishable on several points.
In the alternative, plaintiff contends that assuming his back was injured during his vacation, his return to work after his vacation, with an injured back, aggravated his back condition causing his present disability. The medical experts, in effect, testified that plaintiff’s return to work after his vacation probably increased the pain but did not necessarily aggravate the injury to plaintiff’s back. (R 47, 96, 133, 163).
Accordingly, the trial judge’s holding that plaintiff is not entitled to workmen’s compensation benefits is amply supported by the record, which upon review reveals no manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the above and foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against plaintiff-appellant.

AFFIRMED.