WATKINS, Judge.
Plaintiff-appellant, Mrs. Laura Wallace Taylor, widow of Hubert Taylor, sued Pullman Kellogg Corporation and The Travelers Insurance Company, its workmen’s compensation insurer, for death benefits (see LSA-R.S. 23:1232(1)) under the Workmen’s Compensation Statute, penalties, and attorney’s fees. The trial court held for defendant. We affirm.
Mr. Taylor, a man 71 years of age, who was employed as a millwright by Pullman Kellogg, died on May 4, 1978, of an acute coronary occlusion after having been at work for about two hours. He had had an operation some eighteen months before he died in which he had a dacron graft replacement made of an abnormal aorta. He was taking nitroglycerin tablets under prescription at the time of his death.
There’s no direct evidence of the type of work that Mr. Taylor engaged in on a regular basis, and no direct evidence of the type of work that he engaged in on the day of his death. The only medical testimony in this case is that of Dr. David Weeks Wall, a cardiologist, introduced by deposition by defendant, who testified that the heart attack could not be “blamed” on Mr. Taylor’s activities at work. There is no medical testimony that the heart attack resulted from Mr. Taylor’s employment, or that his employment in any way contributed to it.
In Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975), the test for determining whether or not death by heart attack arose in the course or scope of employment was stated as follows:
“The only remaining issue for determination is whether plaintiff proved by a preponderance of evidence that the fatal heart attack which occurred on the job was caused by decedent’s employment. Difficulty in proving causation arises from the fact that a pre-existing heart infirmity can produce disability at any moment irrespective of any outside influence. However, it is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart attack could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. As previously stated, it is only necessary that the death or disability resulting from the accidental injury be caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Ferguson v. HDE, Inc. and *1269 Bertrand v. Coal Operators Casualty Company, supra.”
(318 So.2d 37, 39)
This ease is distinguishable from the present case because in Roussel decedent had engaged in strenuous work as a machinist, moving heavy machinery, on the day he died and several days before. In the present case it has not been proved that Mr. Taylor engaged in strenuous work.
In Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (1969), a worker engaged in making concrete culverts had two heart seizures which medical testimony revealed represented an aggravation of a pre-existing heart condition. He engaged in heavy work, and his doctors advised him not to return to work after the second seizure. He sued for workmen’s compensation benefits on the basis of total and permanent disability. The medical testimony recognized that the exertion caused some kind of injury. Compensation benefits were awarded. Bertrand differs from the present case because medical testimony in that case linked the aggravated heart condition to exertion. There’s no showing that Mr. Taylor engaged in heavy exertion, and no showing that the work Mr. Taylor was doing precipitated his heart attack (coronary occlusion).
In Leleux v. Lumbermen’s Mutual Ins. Co., 318 So.2d 15 (La. 1975), the widow of a truck driver who suffered a stroke and died while a load of rice was being placed on his truck sought workmen’s compensation death benefits. The decedent in that case suffered from pre-existing hypertension, or high blood pressure. Two medical experts agreed that it was more likely that “an accident of this sort would occur under the employee’s working conditions than if he had not been working.” Death benefits were awarded. This case differs from the present case in that decedent in that case engaged in heavy physical exertion, and there was medical testimony linking the stroke to the exertion incident to the job.
Lay v. Allied Chemical Corp., 340 So.2d 1076 (La.App. 1st Cir. 1976) was a workmen’s compensation death benefit case in which decedent died of an acute myocardial infarction “after being engaged in activities involving exertive efforts on his part such as climbing stairs and turning valves.” He had no history of heart disease. Death benefits were awarded. Lay differs from the present case because in Lay there is direct testimony showing that decedent engaged in heavy exertion.
Claimant in Griffin v. Crown Zellerbach Corp., 345 So.2d 84 (La.App. 1st Cir. 1977) sought benefits for total and permanent disability resulting from a heart attack suffered while at work as a millwright. A cardiologist testified that claimant suffered from a previous arteriosclerotic condition and that it was at least “reasonably probable that plaintiff’s occlusion resulted from the work in which he was engaged when striken.” The facts showed that claimant in that case engaged in strenuous work. In the present case, once again, there is no direct showing that decedent engaged in strenuous work and no medical testimony even tending to show the heart attack was work related.
The final two cases that we will consider, Ferguson v. HDE, Inc., 270 So.2d 867 (La. 1973), and Barnes v. City of New Orleans, 322 So.2d 821 (La.App. 4th Cir. 1975), writ refused 325 So.2d 584 (1976) are more directly in point, but the present case differs from them because in the present case the only medical testimony, the deposition of Dr. Wall, indicates the occlusion was not work related.
In Ferguson, a sawmill worker lost his temper upon receiving a paycheck which he regarded as being too small, and suffered a stroke. He sought workmen’s compensation benefits. The court found that his disability had resulted from an accident, the stroke, and remanded the case for the awarding of benefits. The opinion contains no mention of any medical testimony linking the stroke with the work.
In Barnes, a clerical worker employed by the City of New Orleans in an air-conditioned office had a heart attack while at work and died in bed at home early the *1270 next morning. His widow sued for death benefits under the Workmen’s Compensation Statute. Medical testimony revealed a chronic condition in which one coronary artery was severely restricted by a year’s old arteriosclerotic process that had compromised circulation to the heart muscle. The Court of Appeal’s opinion indicates that there was some medical testimony tending to show the work caused the heart attack. Death benefits were awarded.
In the present case, the only medical testimony that is in the record, the deposition of Dr. Wall, indicates that Mr. Taylor’s heart attack could not be blamed on his activities. This takes this case out of the general reasoning of the Ferguson case, where the opinion does not mention medical testimony and, presumably, there was no significant medical testimony, and the Barnes case where there appears to have been medical testimony linking the heart attack with the work. We, therefore, hold that Mr. Taylor’s heart attack and subsequent death are not compensable. To hold otherwise would be to presume conclusively that a circulatory seizure that takes place while at work is work related and compen-sable, and to go directly contrary to medical testimony that the heart attack in the present case was not work related.
Accordingly, the judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.