STOULIG, Judge pro tern.,
dissenting.
I respectfully dissent.
It is undisputed that Sidney Rayfield, Jr. died September 1, 1976 of heart disease. The autopsy protocol states the cause of death was coronary occlusion and acute thrombosis of anterial descending coronary artery. Death was at approximately 11:30 p. m. That day Rayfield, a City employee, worked until 4:30 p. m. outdoors, assisting in lifting meter heads to remove coins. It was hot and humid.
At 5:30 p. m. he complained of chest pains, ate dinner, and went to a second job where he worked as a janitor. He returned home at 10:45 p. m. complaining of chest pains and left for the hospital 15 minutes later. He died enroute.
Two cardiologists testified. Both agreed the thrombosis cut off blood supply and could not say when it formed. Defendant’s doctor said the immediate cause of death was ventricular fibrillation.
Dr. John Ernst, III said the work performed by plaintiff aggravated his condition and contributed to his death. It was his opinion that someone in plaintiff’s condition should not have been performing strenuous work.[1] Dr. W. R. Dhurandhar on *1248 three separate occasions said he could not say whether work with the City did or did not aggravate his condition to the point where it precipitated the attack.
“The chest pain itself is satisfactory enough to say that the supply has not met the demand. At that point whether he had an occlusion process at that time I can’t definitely say. I can say it probably began at that time ... . ”
A heart attack to be compensable as an accident within the meaning of R.S. 23:1021 need not occur on the job site or be precipitated by strenuous physical activity. Ferguson v. H. D. E., Inc., 270 So.2d 867 (La. 1972); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969); Sherman v. Southern Scrap Material Company, Ltd., 284 So.2d 71 (La.App. 4th Cir. 1973); writs refused.
The difficulty of proving causality in heart attack compensation cases has been recognized in Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975). A preexisting heart condition can produce disability at any time; therefore, the causation is not as susceptible of proof as traumatic physical injury.
When the workman proves his job duties aggravated a preexisting condition he has suffered a compensable accident. Dr. Ernst said decedent should not have been doing work as strenuous as his job required. He suffered pains on returning from work outdoors on a hot, humid day. He died 6 hours later.
In Parks v. Insurance Co. of N. America, 340 So.2d 276 (La.1976) the court recognized that health problems traditionally termed diseases — bronchitis, heart disease, stroke or heat stroke — are compensable accidents if the workman’s job duties aggravates the preexisting condition. In my opinion the medical evidence did meet the standard of proof required to establish that the decedent suffered a job-related aggravation of his preexisting heart condition.

. Dr. Ernst testified:
“The autopsy report describes severe coronary artery disease. A person with severe coronary artery disease, unless supplemented by satisfactory medical treatment and/or some coronary surgical procedure, should not be performing heavy physical duties of any kind because he is subjecting his heart muscles to the law of supply and demand, again, in that his supply is not going to reach his demand and he is going to have angina, myocardia, necrosis the cardiac arithmic disturbances from a lack of oxygenization.