406 So.2d 303 (1981)
Mrs. Alcide GUIDRY, Indiv., etc., Plaintiffs-Appellants,
v.
SLINE INDUSTRIAL PAINTERS, INC., et al., Defendants-Appellees.
No. 8475.
Court of Appeal of Louisiana, Third Circuit.
November 10, 1981.
Writ Granted January 8, 1982.
Stockwell & Associates, Bernard H. McLaughlin, Jr., Lake Charles, for plaintiff-appellant.
Raggio, Cappel, Chozen & Berniard, Christopher M. Trahan and G. Michael Bourgeois, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, SWIFT and YELVERTON,[*] JJ.
SWIFT, Judge.
In this workmen's compensation case the plaintiff-appellant, Mrs. Alcide Guidry, seeks death benefits, penalties and an attorney's fee from the defendant-appellees, Sline Industrial Painters, Inc. and its workmen's compensation insurer, Liberty Mutual Insurance Company. From a judgment rejecting her demands, Mrs. Guidry has perfected this appeal. We reverse.
The only issue on appeal is whether or not the trial court erred in holding that the plaintiff is not entitled to recover, because she did not prove that the fatal heart attack *304 suffered by her husband was work-related within the meaning of our compensation act.
On December 28, 1979, Mr. Guidry was working at the Cities Service plant near Lake Charles as an industrial painter. Although he did some painting, his primary duty on that particular day was to stand on the ground near the bottom of a 10 or 12 foot aluminum ladder being used by a co-employee, Joseph C. Duplechain, in painting a warehouse and see that the ladder did not slide out from under Mr. Duplechain. He also moved the ladder three or four feet from time to time when Duplechain painted from the ground. Duplechain and other co-employees all testified that Guidry's duties did not entail any stress, strain or other exertion. They said that the deceased made no complaints, such as pain in his chest, or showed any external signs of exertion, such as perspiration or shortness of breath. At approximately 2 p.m. Guidry and his fellow painters ceased work for a regularly scheduled smoke break. While sitting in a designated smoking area, smoking a cigarette and talking with the other employees, Mr. Guidry suffered a sudden heart attack which resulted in his death several weeks later.
The medical testimony indicates that the deceased suffered an acute myocardial infarction, secondary to a therosclerotic heart disease. One of the attending physicians, Dr. A. Kent Seale, a surgeon, said it was possible the heart attack was work-related, but he declined to give a definite opinion in this regard. The other treating physician, Dr. Allen Richert, a family practitioner, and Dr. Michael C. Turner, a cardiovascular expert who saw the decedent in consultation at the hospital, were of the opinion that the decedent's employment activities were not precipitating factors in causing the heart attack. Dr. Richert further testified that if the deceased exhibited no external signs of physical exertion, such as perspiration, shortness of breath, or chest pains during his work activities, then this would "make it less likely that his activities brought this on." The opinions of these two doctors were contradicted by a cardiovascular specialist who testified on the basis of medical records, never having seen or treated the decedent.
The Louisiana Workmen's Compensation Act provides for compensation benefits for injuries suffered by an accident arising out of and in the course of a claimant's employment. Such benefits have long been awarded to heart attack victims, provided it is shown that the heart attack was caused or precipitated by the duties of the employment. Our supreme court in Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975) stated:
"However, it is well settled that benefits are due in compensation cases involving heart conditions resulting in disability or death, whether or not the condition is pre-existing, when the accidental injury is caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment. Hence, it is of no significance that the heart attack could have occurred at another time and place if, in fact, the accidental injury occurred on the job. Further, it is not necessary that the accident resulting in disability or death be caused by extraordinary activities of the employee, or that said activities be the exclusive cause of the accidental injury. As previously stated, it is only necessary that the death or disability resulting from the accidental injury be caused or precipitated by the usual and customary actions, exertions and other factors directly connected with the employment." [Citations omitted.]
We agree with the trial court that the preponderance of medical evidence is to the effect that the decedent's heart attack was neither caused nor precipitated by any activity in which he was engaged in the course of and during his employment. However, on September 28, 1981, after the instant case was decided by the trial judge, our supreme court rendered its decision in Adams v. New Orleans Public Service, Inc., (La.1981), reversing the judgments of both *305 the trial court and the Court of Appeal, Fourth Circuit, and awarding disability benefits for two attacks of angina pectoris which the plaintiff suffered while at work. Unlike the plaintiff in the present case, Mr. Adams, while repairing an exhaust system on a bus, felt hot and sweaty, short of breath, nauseated and as though there was "a heavy weight" on his chest. About two weeks later he experienced the same symptoms during work. After tests and examination his physician concluded that he had suffered attacks of angina pectoris due to arteriosclerosis and advised him not to engage in any hard physical labor in the future. The supreme court concluded that the plaintiff's disability was caused by accident in the course of his employment since "the attacks themselves came suddenly and unexpectedly, causing violence to the structure of plaintiff's body." The defendant's contention that the employee's condition resulted from gradual deterioration of the arteries rather than a sudden trauma was rejected. That the plaintiff's attacks were actually brought on by the failure of his heart muscle to receive an adequate supply of oxygen was recognized. But the court applied the presumption that the disability was caused by accident because there was "proof of an accident and of a following disability without any intervening cause." Whether or not it might have occurred at another place or time was said to be irrelevant, "[t]he only pertinent inquiry is whether in fact, the accident happened on the job." However, the court added that the test for causal connection is whether the accident changed plaintiff's condition so as to render him disabled and unfit for his former employment, citing Bertrand v. Coal Operators Casualty Co., 221 So.2d 816 (La.1969).
This court, of course, is obliged to follow and apply the law as interpreted by the Louisiana Supreme Court.[1] Although there was no indication that Alcide Guidry experienced any symptoms related by Adams which seem to show that the latter's attacks were actually related to his work activities, this distinction does not appear to be of any significance, according to the majority in Adams. Applying the principles set forth therein, we must hold that since the decedent's heart attack occurred suddenly, violently and unexpectedly while he was on the job (even though during a rest period) and death resulted, a compensable accident occurred. Therefore, the plaintiff is entitled to recover workmen's compensation benefits herein.
The record discloses that the medical expenses incurred by decedent before death amounted to $8,164.92 and his burial expenses exceeded the $1500.00 maximum then provided by our workmen's compensation act. The amounts of his wages are not shown therein, however, and therefore we are unable to calculate the weekly compensation benefits to be awarded the plaintiff. In the interest of justice we will remand the case for a hearing to determine the amount of such benefits and rendition of a final judgment for the weekly benefits, medical and burial expenses and interest to which the plaintiff is entitled. Also, having concluded that the plaintiff was not entitled to workmen's compensation benefits, the trial judge actually was not called upon to determine whether or not the defendants were arbitrary, capricious or without probable cause in failing to pay same. Therefore, the issue of whether or not the plaintiff is entitled to the statutory penalties and an attorney's fee must be decided on the remand as well.
For the foregoing reasons, the judgment of the district court is reversed. The case is remanded for determination of the amount of the weekly compensation benefits to which plaintiff is entitled and also whether or not statutory penalties and an attorney's fee should be awarded. Thereafter that court will render a final judgment according *306 to law and the views expressed herein. All costs of this suit, including this appeal, are to be assessed to the defendants.
REVERSED AND REMANDED.
YELVERTON, J., concurs.
DOMENGEAUX, J., concurs and assigns brief reasons.
DOMENGEAUX, Judge, concurring.
It is my strong opinion that the plaintiff-widow is entitled to workmen's compensation benefits due to the death of her husband. I believe that these benefits would have been due even without seeking umbrage from the recent Louisiana Supreme Court Adams case (La.1981). The Adams Court reviewed their previous pronouncements in Bertrand, 221 So.2d 816, Ferguson v. HDE, 270 So.2d 867 (La.1972), and Roussel, 318 So.2d 37, and almost academically held that the plaintiff in Adams was entitled to benefits. My views on some phases of "heart attack" cases are contained in my dissenting opinion in the recent case of Guillory v. U. S. F. & G. Co., 401 So.2d 543 (La.App. 3rd Cir. 1981), which seems to coincide with the expression of the Louisiana Supreme Court in Adams.
The absence of evidence concerning decedent's wages necessitates remanding to the district court for such a determination. Concerning the remand to determine whether or not penalties and attorney's fees are due, I have no objection to this action mandated in the majority opinion; however, pursuant to my thoughts on the subject in my dissenting opinion in Guillory, we could decide that issue here and now, in which event I would grant penalties and attorney's fees. (Although in Adams those sanctions were not granted, it was because of lack of notification to plaintiff's employer or supervisor. Had notification been made, I have no serious doubt that penalties and attorney's fees would have been awarded.)
NOTES
[*] Judge Henry L. Yelverton, Fourteenth Judicial District Court, Parish of Calcasieu, participated as Judge ad hoc in this decision.
[1] The writer of this opinion disagrees strongly with the decision in the Adams case, believing that the majority opinion disregards the legislature's explicit intention that an employee's disability must be caused in some way by his employment in order for him to recover workmen's compensation benefits from that employer. Be that as it may, the law pronounced by the supreme court of this state must be followed by the lower courts.