422 So.2d 1377 (1982)
Vera Lydia SCHNEIDER, Individually and as the Natural Tutrix of Her Minor Child, Sandra Christel SCHNEIDER
v.
Dorman STRAHAN, d/b/a Strahan Painting Company and Employers Insurance of Wausau.
No. 82 CA 0051.
Court of Appeal of Louisiana, First Circuit.
November 16, 1982.
James Gleason, III, Mandeville, for plaintiff, appellant.
Louis M. Kiefer, Jr., Metairie, for defendant, appellee.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
This is a suit for workmen's compensation death benefits filed by Vera Schneider, individually and on behalf of her minor daughter, Sandra, for the death of her husband, Horst Schneider. Plaintiff's suit named as defendants Dorman Strahan, d/b/a Strahan Painting Company, and Strahan's workmen's compensation insurer, Employers Insurance of Wausau. From a judgment in favor of defendants, plaintiff appeals.
The following facts are revealed from a reading of the record. Horst Schneider was employed as a painting foreman by Strahan. In April of 1977, he and a crew were assigned to a job painting the Sears building in the Hammond Square Shopping Center. *1378 Schneider's job, which involved some strenuous physical exertion, was conducted in an unairconditioned environment, both inside and outside of the building. Additionally, there was pressure on Schneider to keep his crew's work on schedule.
On Saturday, June 18, 1977, while eating breakfast at his home in Mandeville, Schneider began to experience shortness of breath and severe chest pains. He was taken to Highland Park Hospital in Covington where he was admitted to the intensive care unit. At that time, Schneider was diagnosed as having arteriosclerosis and diabetes. He had no previous history of heart trouble. He was released from the hospital some time after lunch on June 24, 1977 and was instructed by his doctor to limit his activity and not to return to work.
Contrary to those instructions, Schneider had his wife drive him to the jobsite upon leaving the hospital. He stayed there a couple of hours and was driven home. The next morning, over his wife's objections, he charged the battery in his automobile and drove to the jobsite in Hammond. Once more, he stayed there for a couple of hours and then returned home. In the early morning hours of Monday, June 27, 1977, Schneider again suffered chest pains and shortness of breath and was readmitted to the hospital. He died later that morning of an acute myocardial infarction brought about by extensive arteriosclerosis.
The trial court denied compensation death benefits, holding that the death was not work related. The court noted that the medical correlation between plaintiff's death and his job duties was no greater than the connection with his non-job activities. In written reasons for judgment, the trial judge emphasized that the deceased first suffered symptoms of heart trouble while at home on a Saturday morning and that the second onset of symptoms also occurred at home, shortly after midnight. Finally, the court noted that there was never an occurrence of any on-the-job symptoms. Plaintiff has appealed, contending that the court erred in denying compensation death benefits.
In order to recover death benefits under the Louisiana Workmen's Compensation Act, plaintiff had the burden of establishing that her husband received a personal injury by accident arising out of and in the course of his employment. LSA-R.S. 23:1031. Plaintiff met the requirement of showing that the decedent suffered an accident and injury within the meaning of the workmen's compensation laws. LSA-R.S. 23:1021(1) and (6). It is well-settled in Louisiana jurisprudence that a heart attack, such as a myocardial infarction, is "injury by accident." Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969). The only remaining issue for determination is whether plaintiff established the required causal connection between her husband's fatal heart attack and his employment.
As discussed above, the trial court found that there was no such causal connection. On appellate review the trial court's factual findings on the question of work causation are entitled to great weight and should not be reversed unless clearly wrong. Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979); Roussel v. Colonial Sugars Company, supra; Prim v. City of Shreveport, 297 So.2d 421 (La.1974). After a thorough review of the record, we find no such grounds for reversal in the instant case.
Schneider's first symptoms of heart problems (shortness of breath and chest pains) appeared on a Saturday morning, while he was at home. Following that incident, Schneider was hospitalized until Friday, June 24, 1977. On the day of his release from the hospital and the next day, Horst Schneider went to the jobsite for a couple of hours. His second, and final, onset of chest pains and shortness of breath occurred at home in the early morning hours of Monday, June 27. Schneider had last been to the jobsite on the previous Saturday. Plaintiff failed to present any evidence that Horst Schneider had ever experienced any on-the-job incident which *1379 could be pointed to as the cause of his heart attack or which created problems which led to his subsequent death off the job. See, e.g., Barnes v. City of New Orleans, 322 So.2d 821 (La.App. 4th Cir.1975), cert. denied 325 So.2d 584 (1976); Fields v. Sperry Rand Corporation, 343 So.2d 339 (La.App. 2nd Cir.), cert. denied 345 So.2d 902, 903 (1977).
Plaintiff introduced evidence of an incident which occurred on the job on the Wednesday prior to Horst Schneider's first attack of chest pains and shortness of breath. On that day, Schneider attempted to support one end of a ladder above his head while a fellow employee climbed up the ladder to do some painting. The employee was on the ladder only a couple of seconds when Schneider told him to come down because he could not hold him any longer. Another of Schneider's co-workers described him as looking red in the face and "flustered" after this incident. Schneider continued to work that day and the following Thursday and Friday. The first instance of shortness of breath and chest pains occurred the following Saturday. As the trial court noted, the incident at work was not assigned any particular significance by the treating physician, Dr. Joseph Millet, and there was no evidence of any symptomatology in the two and one-half days which Schneider worked following this incident.
If the decedent's heart attack had occurred at work or had followed closely upon some identifiable beginning at work, plaintiff would be entitled to recovery. Absent any such on-the-job incident, however, we are unable to say that the trial judge's conclusion that work causation was not shown is clearly wrong. Soileau v. Chet and Kenny's Auto Parts, Inc., 337 So.2d 604 (La.App. 4th Cir.1976), cert. denied 340 So.3d 994 (1977).
Plaintiff makes much of the evidence of the stressful and strenuous nature of Horst Schneider's job as well as the hot temperatures in which he worked. Dr. Millet testified that these job factors contributed to the occurrence of the myocardial infarction which killed Schneider. However, he also testified that other factors, unrelated to Schneider's employment, also contributed to the fatal heart attack. These factors included stress from an argument which Schneider had with his wife and his actions in charging the battery on his automobile and driving himself from Mandeville to Hammond and back on the Saturday prior to his fatal heart attack.
In summation, we are unable to say that the trial court's finding of lack of work causation is clearly wrong. The following language from Prim v. City of Shreveport, 297 So.2d 421 (La.1974), embodies the reasons for our affirmance of the trial court's judgment.
"Although procedural rules are construed liberally in favor of workmen's compensation claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiff's case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture." 297 So.2d at 422.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of these proceedings, both trial and appellate, are cast against plaintiff-appellant.
AFFIRMED.