DOUCET, Judge.
Charles Hopson, plaintiff-appellant, instituted this suit against Garner Brothers Masonry Contractors, Inc., defendant-appel-lees, seeking workmen’s compensation benefits for his back disability. The trial court held that Mr. Hopson’s disability is not work-related and rejected the claim. Mr. Hopson perfected this appeal of the trial court’s judgment.
Mr. Hopson’s back problems began in 1969 while in Vietnam serving in the Army when he strained his back while loading shells for heavy artillery. Since this initial injury, Mr. Hopson has occasionally had problems with his back due to its generally sensitive condition. On August 23, 1982, Mr. Hopson began working for Garner Brothers as a masonry helper. This job required Mr. Hopson to handle cinder blocks as well as perform odd jobs in assisting the masons. After working four weeks, Mr. Hopson informed his foreman that he was “laying off” because of pain in his back and stopped working. Mr. Hop-son then visited the Veterans’ Hospital in Alexandria, Louisiana on September 23, 1982 in order to have his back examined. While en route for a second visit to the same hospital on October 14, 1982, Mr. Hopson was injured in a car accident in which he sustained an aggravation of his back condition. Mr. Hopson has not been employed since his departure from Garner Brothers, and in this suit seeks compensation benefits for a total disability commencing on his departure from his job with Garner Brothers.
After a trial was conducted on the matter, the trial court rejected Mr. Hopson’s claim, for a temporary disability and for a permanent disability. The basis for this judgment is as follows:
*579 “It is my view that Plaintiff probably has had chronic back problems since the incident he described occurred in Vietnam. I believe the masonry labor was too arduous for his back and that the work may have caused short term temporary disability. However, I believe that the auto accident he was in in mid-October is the most probable source of his long term inability to return to work. It is my view that handling of the masonry supplies did not significantly aggravate his chronic back problem or cause a new one.”
The plaintiff-appellant argues that the trial court was in error when it failed to award compensation for at least a temporary disability for the period prior to the auto accident after it concluded that Mr. Hopson may have had a short term temporary disability. In other words, the plaintiff-appellant contends that after the trial court concluded that the masonry work “may have caused a short term temporary disability”, it should have awarded benefits for a temporary disability. This contention is without merit. The trial court in fact concluded that the masonry work was too arduous for Mr. Hopson and that he was in effect just as disabled before the masonry work as he was afterward. Thus, the real issue is whether the trial court was clearly wrong in its factual conclusion that the appellant’s pre-existing back condition was not aggravated to a disabling degree by the routine of masonry labor.
A claimant is entitled to workmen’s compensation benefits if he proves preponderantly that a work-related accident aggravated a pre-existing condition thereby resulting in a disability. McCauley v. Delta Drilling, 377 So.2d 577 (La.App. 3rd Cir.1979). Furthermore, an accident which aggravates or accelerates a preexisting condition is compensable even where disability is not caused by a single or specific incident. Parks v. Insurance Company of North America, 340 So.2d 276 (La.1976). Therefore, Mr. Hopson’s back disability is compensable even though he does not attribute its aggravation to a specific incident provided that he proves that the aggravation was work-related. The trial conclusion that Mr. Hopson’s back condition was not aggravated by his duties as a masonry helper will not be disturbed unless it is clearly wrong. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
After reviewing the record we discern no clear error in the trial court’s factual conclusion that Mr. Hopson’s back condition was not significantly • aggravated by his work duties. A physical examination of Mr. Hopson conducted shortly after he left his job revealed no recent or unusual trauma to his back. Also, Mr. Hopson made no complaints to his co-employees or to his job foreman until he took leave from his job. Finally, the medical testimony of two examining physicians, Dr. John McCutchen and Dr. Robert Schwendimann, stated that the causes of Mr. Hopson’s present disability are attributable to the car accident in mid-October of 1982 and not Mr. Hopson’s duties as a mason’s helper. Based on this evidence the trial court concluded that the masonry work was simply too arduous for Mr. Hopson’s back and that no compensa-ble disability resulted from this work. This conclusion is not manifestly erroneous and therefore it will not be disturbed on appeal. Whatever disability from which Mr. Hop-son suffered prior to the car accident on October 14, 1982, is not compensable.
The appellant also argues that the disabilities attributable to the car accident are compensable. Mr. Hopson contends that because the car accident was a predictable result of his employment, his total disability caused by this accident is com-pensable. This argument is without merit. The work-related requirements of LSA-R.S. 23:1031 has been interpreted to require that the disabling accident must occur while the claimant is engaged in the employer’s business and that the necessities of employment reasonably required the employee to be at the place of the accident at the time of the accident. Guidry v. Serigny, 378 So.2d 938 (La.1979). After applying this principle to the facts of this case, we discern no error in the trial court’s *580 judgment that the plaintiff incurred his disabling injuries outside the course and scope of his employment. Mr. Hopson was not pursuing his employer’s business when he was injured nor did Garner Brothers’ business require Mr. Hopson to be at the place of the car accident when it occurred. There was no relationship between Mr. Hopson’s duties as a masonry worker and his trip to the hospital.
For the above reason the judgment is affirmed. The costs of this appeal are to be borne by the plaintiff-appellant.
AFFIRMED.