DUFRESNE, Judge.
Boh Brothers Construction Co. and Grey & Company, Inc., defendants-appellants, bring this appeal from a judgment awarding workmen’s compensation death benefits to plaintiff-appellee, Helen Delhommer, widow of Joseph Delhommer, defendants’ former employee who died of a heart attack suffered on his job.
Because we find no manifest error in the factual findings of the trial court, we affirm.
The facts are as follows:
Joseph Delhommer, a 63 year old carpenter, was employed by defendants to build concrete forms on a job site. On June 30, 1980, the day of his death, Delhommer reported for work at 7 A.M. His duties consisted of cutting lumber for the forms with a power saw on an open construction site. A co-worker testified that “it was a hot day; it was [a] hot summer.” Sometime in the early afternoon, Delhommer complained to the foreman that he was feeling badly and wanted to go home. He had not complained to either his wife or co-workers of any illness before that moment on the day in question. He had, however, been complaining to his wife in the few preceding weeks that the heat was “getting the best of him.”
He reached home at about 2:30 P.M., sat down in the carport, and called to his wife. He complained to her of possibly having a heat stroke and asked that she rub his arms and chest and apply cold towels because he was sweating and experiencing chest pains. *1038 After 15 minutes, he walked into the house, lay on the floor and died.
The death certificate fixed the time of death at 3:10 P.M. The autopsy showed that the cause of death was acute myocardial infarction. There was also evidence of an “old myocardial infarct” indicating that he had suffered a prior heart attack, apparently unbeknown to him.
After trial on the merits, the trial court concluded that plaintiff’s evidence was sufficient to show that the heart attack was possibly brought on by employment stress. He also stated in his reasons for judgment that case law had “all but shifted the burden of proof in heart cases to the defendant to prove that the employment did not contribute to the decline of the employee.”
Defendants now appeal alleging that the trial court erred, first, in shifting the burden of proof to defendants, and second, in finding that plaintiff proved by a preponderance of the evidence that the heart attack was caused at least in part by employment stress.
In regard to shifting the burden of proof, defendants are correct in that this burden does not shift in heart attack cases, Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). They are not correct, however, in their assertion that the trial court shifted this burden to them here. Our reading of the language quoted above is first that it is simply dicta, and second that the judge did not state that the burden of proof has in fact been shifted, but rather that it has “all but [been] shifted. Finally, he did state the correct legal principle applicable in heart cases as follows:
When the final heart failure comes as a result of possible employment involvement or could have or might be, it is sufficient to merit death benefits.... (emphasis in original).
Guidry v. Sline Industrial Painters, Inc., supra at 632, 634. We therefore find no error in the trial court’s application of law in this case.
The more difficult issue before us is whether plaintiff carried her burden of proving that the work effort, stress or strain of the job in reasonable probability could have contributed in some degree to the heart attack.
We first note that a reviewing court is empowered to overturn factual findings only where such findings are manifestly erroneous, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We also reiterate that plaintiff’s burden is to show that the heart attack occurred on the job, and that the work effort, even though usual for the employee, was more stressful than ordinary non-employment activity and bore some causal relationship, however slight, to the attack.
In the case before us, there was sufficient evidence to establish that the attack occurred on the job. Dr. St. Martin, the only expert to address this issue, was of the opinion that while it was impossible to determine the exact time of the attack, the symptoms of sweating and pain would have manifested themselves within a few hours of the attack. As the employee had been on the job since 7 A.M., this unrefuted testimony is adequate to sustain a finding that the heart attack occurred on the job.
The next question is whether the employee’s activities, even though usual in his employment, were more stressful than ordinary and everyday non-employment activities. Again, we have no hesitation in finding that cutting lumber with a power saw on a construction site in the middle of a hot summer day is more stressful than everyday non-employment activities. Cf. Guidry v. Sline Industrial Painters, Inc., supra; Roussel v. Colonial Sugars Co., 318 So.2d 37 (La.1975).
The third issue is whether there was a medically ascertainable causal link, at least in part, between the stress of the job and the attack. While the expert evidence is admittedly sketchy, we find that the trial court committed no manifest error in finding that plaintiff established this link.
Her evidence was the autopsy protocol prepared by Dr. Monroe Samuels, and the deposition of Dr. S.J. St.Martin, St. John *1039 Parish coronor, who neither performed nor participated in the autopsy. During that deposition, Dr. St.Martin simply relied on the protocol for his opinions. Those opinions were first that in a person of advanced age a heart attack of the type at issue here could well be caused by stress or heat if the coronary arteries were atheroscherotic. He next stated that stress could possibly have played a role in this heart attack. When pressed as to whether this was medically probable, he simply stated “I don’t think so.” He was then asked a hypothetical wherein it was stated that the decedent was doing his routine work, and was asked if this could have triggered the attack. His response was that he didn’t think someone doing his usual job would experience an attack because he would be accustomed to such exertion. The hypothetical was defective, however, because it did not mention that the day was hot. Moreover, his earlier testimony was that heat would be a substantial factor in bringing about an attack of this type. We finally point out that the protocol does identify yellowish plaque formation in the coronary arteries, which is a clear symptom of an atherosclerotic condition and “a warning sign of impending serious cardiovascular disease such as ... myocardial infarction,” Borland’s Illustrated Medical Dictionary 26th ed., at 1026.
On these facts, we simply cannot say that the trial court’s finding of a causal link between the heat and stress of the job and the heart attack was clearly wrong.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.