BOWES, Judge.
Defendants, New Orleans Shipyard, Inc. and Employers Insurance of Wausau, appeal a judgment of the trial court awarding the plaintiff, Mary Elizabeth Neeley, widow of Andrew J. Barnewold, Jr., benefits under the Workmen’s Compensation Act, R.S. 23:1231 et seq., and R.S. 23:1210 (widow and burial benefits). The defendants assert to this court that the plaintiffs failed to show a causal link between the heart accident, the fatal heart attack, of Mr. Barnewold and his employment.
The case was submitted to the trial court by way of depositions and stipulations. In the record are the depositions of plaintiff, Mrs. Barnewold, Louis Santiago, Mr. Barnewold’s co-worker, and Dr. Alvaro Hunt, a forensic pathologist who performed the autopsy on Mr. Barnewold, the decedent.
*33 Andrew Barnewold was a 38-year old diesel mechanic, weighing approximately 300 pounds or more, employed by New Orleans Shipyard. On June 10, 1982, he worked in the engine room of the M/Y Ann Gladders. At approximately 6:30 p.m., he left work for the day and returned home, complaining to his wife that he had a stomach ache and was not hungry, refusing supper. At about 2:00 a.m., plaintiff was awakened by the sound of her husband choking. He was rushed to Ochsner Foundation Hospital where he was pronounced dead at 3:10 a.m.
Andrew Barnewold died as a result of an acute myocardial infarction of the left ventricular wall of the heart. He also suffered from coronary arteriosclerosis — there were areas of up to 80% narrowing of the right coronary artery and 50% narrowing of the left coronary artery. Mr. Barne-wold’s heart was markedly enlarged.
The autopsy further revealed that there was a recent death of part of the heart muscle resulting from occlusion of a small vessel. This occlusion occurred within 24-48 hours before Mr. Barnewold died. The pathologist could not be certain whether that particular occlusion was the fatal factor. There was also a large area of scarring which indicated that the decedent had had some previous death of myocardial fibers at some remote time, undeterminable by Dr. Hunt. Dr. Hunt suspected that Mr. Barnewold suffered from the disease of hypertension, as well as from coronary artery disease.
Dr. Hunt stated that given the decedent’s weight, size, and medical problems, he would have recommended that he not engage in strenuous physical activity. He indicated that it would be necessary to prevent significant elevations of heart rate in such a case, and that overheating and/or extremely heavy muscular work increases the heart rate. He went on to opine that given Mr. Barnewold’s acute arteriosclerosis, the physical activity referred to above (the work performed) and the heat factor could have precipitated the fatal myocardial infarction.
In this reasons for judgment, the trial judge found: that Mr. Barnewold, who had a history of heart disease, worked for ten hours in a cramped area doing heavy manual labor when the outside temperature was 93 degrees; that he was a prime candidate for a heart attack; that Dr. Hunt had stated given the condition of the heart, a physician would suggest plaintiff not do the kind of work he was doing and quoted Dr. Hunt’s opinion that temperature extremes and the like increases the work done by the heart and could precipitate the “final event.” The trial judge also found that Mr. Barnewold had died the same night of his strenuous activity in a very overheated, cramped, work place, and that the evidence sufficed to uphold plaintiff’s contention that this was a work-related accident.
Under the facts and circumstances of this case, we cannot say that the trial judge was manifestly erroneous.
In Delhommer v. Boh Brothers Construction Company, 435 So.2d 1036 (La.App. 5th Cir.1983), writs denied 438 So.2d 1106 (La.1976), this court stated that the correct legal principle applicable to heart cases, as derived from Guidry v. Sline Industrial Painters, Inc., infra, is as follows:
When the final heart failure comes as a result of possible employment involvement or could have or might be, it is sufficient to merit death benefits.
The Supreme Court in Schneider v. Strahan, 449 So.2d 1338 (La.1984) reiterated that whether or not there is a personal weakness or disease, the claimant must also establish medically that employment exertion contributed to that heart attack.
When the employee has a preexisting heart disease, a heart accident may be found to arise out of employment if the work exertion is of a degree greater than that generated in everyday nonemployment life. Guidry v. Sline Indus. Printers, Inc., 418 So.2d 626 (La.1982). Thus, if there is a personal causal contribution (in the form of a diseased heart) to the heart accident, the employment causal contribution must take the form *34 of an exertion greater than that of non-employment life. IB A. Larson, Workmen’s Compensation § 38-83, 7-233 (1980). However, whether or not there is a personal weakness or disease, the claimant must also establish medically that employment exertion contributed causally to that heart attack. Larson, above.
Schneider, supra at p. 1341.
In Guidry v. Sline Industrial Painters, Inc. 418 So.2d 626 (La.1982), the Court emphasized the necessity of a causal relationship:
... A heart accident must be causally related in part, however slight, to the employment ...
In stating the plaintiffs burden of proof, the Court went on:
This burden of plaintiffs is to show by a preponderance of the evidence that the work effort, stress or strain in reasonable probability contributed in some degree to the heart accident.
Then the Court formulated a rule in such cases:
For the heart accident to arise out of or be connected with the employment, the exertion stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life16 (e.g., as compared to the more or less sedentary life of the average non-worker).
In other words if the activities in which the worker with a pre-existing heart disease is engaged, whether for his job usual and customary or not, entail exertion, stress or strain greater than wo,uld be involved in everyday non-employment life and he experiences a heart accident, he has made a prima facie showing that the accident arose out of or was connected with, the employment.16
In such cases as these, stress or physical exertion is the triggering factor in determining whether the accident is work-related:
However, simply being at work on the job is not enough, since at the time of and for an appreciable period before the accident such worker (i.e., with a pre-ex-isting heart disease) may not have been engaged in his usual stressful activities, or his usual work may have been of a sedentary nature, or may have involved no physical stress or exertion beyond that generated in everyday non-employment life.17 In either of these latter eases, it is difficult to say that the accident arose out of the worker’s employment rather than that the accident arose out of or was prompted simply by the pre-existing heart disease.

Guidry, supra.

The decedent in this case was a diesel mechanic. On the day preceding the evening that he died, he worked an extended shift of about 10½ hours, at least 2 hours more than usual. On that day he was engaged in overhaul work on the diesel engine of the M/V Ann Gladders. Inserts in the engines were being changed — the decedent had to use a four-by-four piece of wood, six feet long, to pound down on the inserts. The job required climbing atop the engine to pound the inserts. It was extremely hot, at least 93 degrees Farenheit on the outside. Mr. Barnewold sweated profusely. There were two blowers in the hull of the ship, and a window fan, but no air conditioning. There was one break for lunch. The foregoing is the very epitomy of hard physical work — an extreme of exertion, stress and strain — certainly far greater than that involved in everyday non-employment life.
The defendant underscores the fact that the deceased did not complain of pain, nausea, or other signs of illness while at work. The only complaint he registered was upon returning home when he told his wife that he had a stomach ache, was not hungry, and refused supper. While complaints can be significant, we do not find support for the contention that a plaintiff must exhibit specific or particular symptoms. Although severe chest pains are a strong indicator of a heart attack, Dr. Hunt stated that a small percentage of patients who suffer attacks never have any pain. We find that the *35 apparent absence of pain or other “classic” symptoms is not dispositive of the question of when or where Mr. Barnewold suffered the final attack. There was indisputedly an occlusion some 24-48 hours before he died, of which no complaint of pain is evident from the record.
Similarly, the finding of partial myocardial muscle death at some more remote time apparently also occurred without complaint of pain from the decedent. While these symptoms, when present, obviously are excellent manifestations of coronary occlusions, the lack of such complaints do not prove that such an event is not taking or has not taken place.
We are of the firm opinion that the record supports the trial judge’s finding that plaintiff established medically that employment exertion contributed causally to Andrew Barnewold’s fatal heart attack.
Additionally, we remand this case to the trial court for consideration of the right of plaintiff to penalties and attorney’s fees under La.R.S. 23-1201.2, which plaintiff prayed for but which the trial judge failed to rule upon.
Accordingly, the judgment of the trial court is affirmed and the case is remanded for further consideration in keeping with this opinion. Costs of this appeal are taxed to defendants-appellants.
AFFIRMED AND REMANDED.