471 So.2d 1151 (1985)
Christina T. OLSON, Plaintiff-Appellee,
v.
The INSURANCE COMPANY OF the STATE OF PENNSYLVANIA & David J. Collins & Co., Ltd. d/b/a Western Sizzlin, Defendants-Appellants.
No. 84-572.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1153 Raymond M. Allen, of Allen, Gooch and Bourgeois, Lafayette, for defendants-appellants.
Edward J. Marquet, Lafayette, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant Insurance Company of the State of Pennsylvania is the workers' compensation carrier for defendant David J. Collins & Company, Ltd., doing business as Western Sizzlin. Plaintiff Christina T. Olson worked as an assistant manager in defendant Collins' restaurant. Plaintiff was injured on the job, and she sued defendants for permanent total disability benefits and for penalties and attorney fees. The trial judge found for plaintiff on these claims. Defendants appeal. Plaintiff answers and requests an increase in attorney fees. We find no error in the trial court judgment. We affirm that judgment, and we increase the attorney fees award to plaintiff for the handling of this appeal.
Plaintiff's disabling injury is the result of two accidents that occurred during her employment at Western Sizzlin. In January of 1980, plaintiff slipped at work and fell. Her right knee-cap was dislocated to the inside. Later, in November of 1980, a co-worker kicked open a kitchen door which struck plaintiff's right knee-cap, dislocating it to the outside. Although plaintiff continued to work for some time after the second accident, testimony at trial established that she did so only by enduring great pain. At trial, plaintiff's doctor testified that plaintiff, who had undergone surgery four times in attempts to repair her damaged knee, was totally disabled as the result of her painful injury. The doctor stated that plaintiff might recover to some extent (though not fully), possibly within six to eight weeks, but that she was presently totally disabled for an indeterminate period of time.
The trial judge found that plaintiff is totally and permanently disabled, and that she is entitled to the maximum benefits for such disability. The judge also awarded attorney fees and penalties on certain benefits that were not timely paid. Defendants perfected this appeal.
Defendants contend that the trial judge erred in three respects.
1. The trial judge erred by finding that plaintiff was totally disabled because she could only work in substantial pain.

*1154 2. The trial judge erred by finding that plaintiff was permanently disabled, instead of temporarily disabled.
3. The trial judge erred by assessing penalties and attorney fees.
Plaintiff answers defendants' appeal and requests an increase in attorney fees. We shall now consider the three issues presented by defendants in the order set forth above. Plaintiff's answer will be considered in conjunction with defendants' third assignment of error.[1]
Initially, we note that this case is governed by the provisions of Louisiana's workers' compensation law prior to the amendment of that law in 1983.

WORKING IN PAINTOTAL DISABILITY
It is settled law in this state that an employee who is unable to work without having to endure substantial and constant pain is totally disabled. See, e.g., Whitaker v. Church's Fried Chicken, Inc., 387 So.2d 1093, 1096 (La.1980); Rachal v. Highlands Ins. Co., 355 So.2d 1355, 1358-59 (La.App. 3d Cir.), writ denied, 358 So.2d 645 (La.1978). Defendants argue that the evidence presented at trial shows only that plaintiff's injury produces some "discomfort" for her when she is working, not that she can only work by enduring "substantial" or "serious" pain. However, the trial judge, upon the testimony of doctors, acquaintances and co-workers of plaintiff, plaintiff's husband, and plaintiff herself, found that plaintiff can only work by enduring substantial pain, not merely occasional discomfort. The judge further opined that plaintiff would not have submitted to four surgeries on her knee simply to attempt to relieve discomfort.
Whether plaintiff experiences pain while working, and the extent thereof, are factual questions. The trial judge, as fact-finder, determined that plaintiff experiences substantial pain while working. We grant great deference to such factual determinations by a trial fact-finder. Unless we determine, on the record taken as a whole, that a factual finding is clearly wrong, it will not be disturbed on appeal. Harris v. State Through Huey P. Long Memorial Hospital, 378 So.2d 383, 389 (La. 1979); Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Roussel v. Colonial Sugars Company, 318 So.2d 37, 39 (La. 1975). The trial judge was not clearly wrong in his finding that plaintiff must endure substantial pain in order to work. Further, the proper legal standard for concluding that such pain renders plaintiff totally disabled was correctly applied.

TOTAL DISABILITYTEMPORARY OR PERMANENT?
Defendants argue that plaintiff should not have been adjudged permanently and totally disabled. Defendants contend that the evidence presented at trial shows that plaintiff's disability (whether total or partial) is subject to treatment, and that plaintiff's doctor testified that plaintiff might experience significant recovery within six to eight weeks after the trial date.
Under the law applicable to this case, if a worker is shown to be totally disabled at the time of trial, and the disability is of indefinite or indeterminate duration, then the worker is entitled to permanent benefits as opposed to temporary benefits. Walker v. Gaines P. Wilson & Son, Inc., 340 So.2d 985, 987 (La.1976).[2]
*1155 Plaintiff contends that, even though plaintiff's doctor indicated the possibility of a limited recovery within six to eight weeks, nonetheless, plaintiff's doctor unequivocally stated that plaintiff was totally disabled for an indefinite period of time. Further, plaintiff points out that any possible recovery will likely be only partial, as shown by the medical evidence, and it is certainly indeterminable whether plaintiff would then be able to return to work without experiencing substantial pain.
Based on all the evidence and correctly citing Walker as the appropriate legal standard, the trial judge found as follows:
"Although her surgeon believes that she will eventually recover, there is simply no definite time frame set within which the plaintiff will, without a doubt, reach a full recovery. Consequently, this Court must find that, as of the time of trial, the plaintiff is totally and permanently disabled, and is entitled to compensation benefits at the maximum allowable rate from this time."
Again, we will not disturb the factual aspect of this determination unless it is clearly wrong. We find, upon consideration of the record taken as a whole, that the trial judge was not clearly wrong in his determination. Further, the legal standard for permanent disability in this case was correctly applied by the trial judge.

PENALTIES AND ATTORNEY FEES
Under the law applicable to this case, a compensation insurer is liable for a twelve percent penalty on unpaid compensation sums to which the worker is legally entitled, plus "reasonable" attorney fees for the collection of that sum, should the insurer not pay that sum to the worker within sixty days of the worker's claim, provided that such refusal to pay is "arbitrary, capricious, or without probable cause." La. Rev.Stat. 22:658.[3]
In regard to the penalties and fees claimed by plaintiff in this case, the trial judge found as follows:
"The plaintiff has also prayed for penalties and attorney's fees. The history of this case indicates that benefits have been paid intermittently. Benefits were ceased in February, 1984, based upon the insurer's interpretation of a Louisiana Supreme Court decision. This Court does not agree with the insurer's interpretation of this case, but does not find that interpretation to have been so unreasonable as to be considered arbitrary or capricious. The Court also does not consider to be arbitrary and capricious the insurer's decision not to pay benefits for total and permanent disability, at any time, as there existed a legitimate issue regarding the plaintiff's condition. However, this Court is very concerned about the fact that, from May 1983 until August 1983, no benefits were paid at all. In August, one lump sum payment was made, following which no payments were made until September 1983, after plaintiff had retained counsel and filed this suit. The representative of the insurance company admitted that, from at least May 23, 1983, the company was aware that the plaintiff was entitled to a minimum of $49.00 per week, but could give no reason [other than overwork] as to why this amount was not paid. The Court holds that there was no justification *1156 for not paying the minimum weekly benefits during this time, and assesses a penalty of TWELVE (12%) PER CENT of FORTY NINE AND NO/100 ($49.00) DOLLARS per week for the weeks from May 23, 1983 until payments were resumed in September, 1983. The Court will also assess attorney's fees in the amount of ONE THOUSAND AND NO/100 ($1,000.00) DOLLARS."
(emphasis and brackets in original).
We agree with the excellent reasoning of the trial judge. Penalties and fees are not in order when a legitimate, rational basis for denying a claim exists, even though subsequent litigation on that claim results in a decision adverse to the insurer. See Doyle v. United General Ins. Co., 458 So.2d 152, 157 (La.App. 3d Cir. 1984); see also Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626, 635 (La. 1982). Nor should penalties be imposed where the insurer, rationally and in good faith, intends to pay full benefits but simply miscalculates the amount of benefits payable, and then offers promptly to correct any undercompensation when it is brought to the attention of the insurer. See Mallet v. La. Nursing Homes, Inc., 459 So.2d 178, 182 (La.App. 3d Cir.1984). In such instances, the under- or non-payment of benefits cannot be said to be "arbitrary, capricious, or without probable cause." However, where the insurer simply discontinues benefits without any potential legal cause, with full knowledge that these benefits are owed, then such action is proscribed by the statutory language. Total inattention to a claim cannot be excused by contending that the insurer is too busy to continue paying benefits, especially when the claim has been acknowledged as payable and past payments have, in fact, been made.
The trial judge did not err by holding defendant insurer liable for penalties and attorney fees because of the untimely payment of certain benefits to plaintiff.
In plaintiff's answer to this appeal, plaintiff contends that she is aggrieved by the award of $1000 for attorney fees in this matter. Plaintiff asserts that the amount of work and time spent in preparation for trial requires an award of $10,000 in attorney fees.
First, we note that the penalties and fees award under Louisiana Revised Statute 22:658 is based only upon the insurer's untimely payment of certain benefits previously acknowledged as payable. Thus, just as plaintiff can recover twelve percent penalties only on a limited amount of her total compensation award, so are attorney fees awardable only for the recovery of that amount. Second, we are in a far less favorable position than the trial judge to calculate "reasonable" attorney fees for the preparation and presentation at trial of that portion of plaintiff's claim for which such fees may be awarded. We will not second-guess the trial judge in this instance.
However, we may, in our discretion, award additional attorney fees for the work plaintiff's counsel has performed in this appeal in regard to the pertinent portion of plaintiff's claim. We award an additional $1000 in attorney fees to plaintiff for such work. (Thus, the total amount of attorney fees awarded in this case shall be $2000.)

DECREE
It is ordered, adjudged, and decreed that plaintiff Christina T. Olson be awarded an additional $1000 in attorney fees. In all other respects, the judgment of the trial court is affirmed. All costs are assessed to defendants Insurance Company of the State of Pennsylvania and David J. Collins & Co., Ltd., doing business as Western Sizzlin.
AMENDED AND AFFIRMED AS AMENDED.
NOTES
[1] In a document filed with this court styled as an "Amended Brief," defendants urge an additional assignment of error.

We find no merit in defendants' supplemental assignment of error that they should receive a week-for-week credit toward partial disability payments for previously-paid partial disability benefits. We affirm the trial court's finding that plaintiff is permanently and totally disabled; thus, the authorities cited by defendants are inapposite. The record does not reveal facts that support defendants' argument. It appears to this court that any previously paid compensation sums were properly taken into account in the judgment rendered at trial.
[2] The 1983 amendments to the workers' compensation statutes legislatively overrule this facet of our jurisprudence. Under the new law, the worker must prove, "by clear and convincing evidence, unaided by any presumption of disability," that the total disability is permanent. La.Rev.Stat. 23:1221(2)(c). A recent case interpreting this statutory provision opines that, in cases analogous to the present, the worker would be entitled to temporary total disability benefits, with the possibility of amending the judgment pursuant to Louisiana Revised Statute 23:1331, should the recovery of the worker not occur. Brewster v. Manville Forest Products Corp., 469 So.2d 340, 344-346 (La.App. 2d Cir. May 8, 1985).
[3] The 1983 amendments to the workers' compensation statutes have ended the utility of section 658 for compensation cases. As amended, Louisiana Revised Statute 23:1201.2 governs the issue of arbitrary and capricious late- or non-payment for both insurers and uninsured employers. Section 1201.2 prohibits the use of revised statute 22:658 in worker's compensation cases, and section 1201.2 does not provide for penalties, only for attorney fees. See Mallet v. La. Nursing Homes, Inc., 459 So.2d 178, 181 n. 2 (La.App. 3d Cir.1984).