488 So.2d 184 (1986)
Eva Agnes NIX et al.
v.
CITY OF HOUMA et al.
No. 85-C-2347.
Supreme Court of Louisiana.
May 20, 1986.
Rehearing Denied June 19, 1986.
*185 Joseph W. Greenwald, Shreveport, for applicant.
Donald B. Ensenat, Gerolyn P. Roussel, Camp, Carmouche, Barsh, Gray, Hoffman & Gill, P.L.C., New Orleans, for respondent.
DIXON, Chief Justice.
Eva Agnes Nix and her children filed suit for workmen's compensation death benefits and for damages for wrongful death against the City of Houma, the City of Houma Electric, Water & Gas Utility Company and B.J. Hughes, Inc. after the death of Clifford William Nix, husband and father of the plaintiffs. This suit for workmen's compensation benefits was severed and tried separately.
There was judgment in favor of plaintiffs in the trial court, which was reversed in the court of appeal. 479 So.2d 546 (La.App. 1st Cir.1985).
Mr. Nix, a sixty-four year old diabetic, was a long time employee of defendant B.J. Hughes, Inc. His principal employment duties included the preparation and presentation of safety seminars. In January of 1980 he presented a seminar in Houma, Louisiana, some sixty miles away from his home in LaPlace. He drove to Houma the night before the seminar in order to avoid a drive in the early morning fog, and spent the night in a hotel. Mr. Nix presented the seminar the next day, although he appeared ill when he arrived in the morning. At lunchtime, in spite of his diabetic condition, he refused to eat the meal provided.
That afternoon, upon conclusion of the seminar, Mr. Nix began the drive back to Metairie in order to reach his office by 5:00 p.m., as was his custom. He was driving his Hughes company car during rush hour traffic at approximately 3:45 on that rainy afternoon. He had traveled only a few minutes, and was still within the city limits of Houma, when he was observed at an intersection slumped over the steering wheel of his car. The car drifted at a slow speed to the right, and collided with a utility pole. Testimony indicated that the principal cause of Mr. Nix's death was a myocardial infarction. However, it was uncertain whether the collision occurred before, during or after the heart attack, and it was never established whether the onset of a diabetic coma might have triggered the heart attack or the collision. The weight of the testimony did establish, however, that the principal cause of death was probably the myocardial infarction.
Shortly after the collision with the pole, a police officer arrived on the scene, and observing the symptoms of cardiac arrest, attempted to resuscitate Mr. Nix to no avail. He was pronounced dead on arrival at Terrebonne General Hospital.
The court of appeal reversed the trial judge, who had awarded benefits to Mrs. Nix, holding that "Mr. Nix's heart attack was [not] sufficiently work-related to entitle plaintiff to death benefits." Nix v. City of Houma, supra at 547.
R.S. 23:1031 provides requirements for recovery of workmen's compensation benefits:

*186 "If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
..."
This statute and the cases interpreting it set forth two requirements for recovery. The accident must arise out of the worker's employment, and the accident must occur during the course of the worker's employment. Both of these requirements must be met.
It is undisputed that Nix had an accident in the course of his employment. He was driving from the seminar to his office when the accident occurred; his work day had not yet ended.
The occurrence of a heart attack and resulting death is viewed as an "accident" and resulting "injury" within the definitions in the Workmen's Compensation Act. R.S. 23:1021(1) and (7); Roussel v. Colonial Sugars Co., 318 So.2d 37 (La. 1975); Bertrand v. Coal Operators Casualty Co., 253 La. 1115, 221 So.2d 816 (On Rehearing) (1969).
This court has decided that in cases where a heart attack is suffered by an employee during the course of his employment, work related mental or physical stress or exertion preceding the heart attack may provide a causal link between the heart attack and the employment, satisfying the requirement under R.S. 23:1031 that the accident "arise out of" the employment. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982).
This stress or strain need not be abnormal; it must only be greater than the stress and strain involved in everyday nonemployment life. Guidry v. Sline, supra at 633.
Under the standard in Guidry, in order to present a prima facie case for recovery of benefits, the claimant must show that work effort, stress or strain in reasonable probability contributed in some degree to the heart accident, as a legal matter.
In his reasons for judgment awarding benefits to Mrs. Nix, the trial judge stated:
"The facts in the instant case lend the following factors which could be pointed to as job related stressful circumstances which exceed ordinary nonemployment circumstances. Mr. Nix was almost sixty-five years of age, had a preexisting diabetic condition, but no record of any preexisting heart condition. On the day of his accident he was at the end of a period where he had been away from home for two days and one night and slept in a motel and of necessity, ate food to which he was not ordinarily custom (sic). On the day of his death he was noted as looking quite ill and not feeling well and did not eat at all. He was required to teach a safety seminar and was then in the process of driving to his office in the early part of the afternoon rush hour in a driving rainstorm. All of these activities were required for him to complete the job task he was assigned to at that time."
The court of appeal, in reviewing the record, reevaluated the trial court's conclusion that these job related stressful circumstances exceeded ordinary nonemployment circumstances, determining that Mr. Nix's employment duties on the day of his heart attack were no more strenuous than his nonemployment activities. Accordingly, the court of appeal reversed the decision of the trial court on the grounds that the required proof of causation was inadequate and unconvincing.
To the contrary, the evidence in the record provides a reasonable factual basis for the decision of the trial court that Mr. Nix's employment duties entailed stress or strain greater than that involved in everyday nonemployment life, and that this stress and strain, as a legal and medical matter, did contribute to his cardio-vascular catastrophe. Two physicians testified that the stress and strain on the sixty-four year old diabetic from the two day trip away from home, the seminar and the drive *187 home in the traffic and rain contributed to Mr. Nix's death. The evidence in the record is sufficient to support the trial court's determination that the claimant established a "causal link" between Mr. Nix's employment and his accident and death.
For these reasons, the decision of the court of appeal reversing the trial court's award of workmen's compensation death benefits to Mrs. Nix is reversed, and the decision of the trial court is reinstated at the cost of defendant B.J. Hughes, Inc.
MARCUS, J., dissents.