BARRY, Judge.
An employer and his insurer appeal a total and permanent compensation award based on an employee’s third heart attack which occurred at home more than six hours after he left work.
In 1977 Philip P. Barnes, age 47, was hired as a cashier by Crowder Boulevard Shell Station. In December, 1981 and August, 1982 Barnes suffered myocardial in- *823 farctions but returned to work. Following the second attack Barnes settled his claim for compensation benefits which alleged that his heart condition was related to his job.
Barnes worked 8 hour shifts Monday through Friday and handled the station’s bookkeeping on weekends. He did not do manual labor. He was on call 24 hours and required to substitute if an employee did not work. Barnes testified that his work schedule prevented him from seeing his wife and caused him to be very irritable.
On March 3, 1983 Barnes slept late, took a daily two mile walk as ordered by his physician, ate a sandwich, and although he had an upper respiratory infection went to work at 1:45 p.m. He returned home about 10:30 p.m., ate a light supper and went to bed. About 4:30 a.m. he experienced breathing difficulty and an hour later was hospitalized for congestive heart failure.
Dr. Felix Rabito, Barnes’ cardiologist, reported that:
It is also quite probable that his most recent episode of illness was precipitated by the long hours and stress entailed in his work at the time he became ill. In view of his propensity to sudden and acute cardiac illnesses, it is my recommendation that he retire from gainful work and pursue a life style in which strenuous work, serious responsibility and mental and physical stress be reduced to a minimum.
Dr. Thomas Hannie, Barnes’ psychologist whose expertise is dealing with stress, testified that Barnes experienced a great deal of pressure as a result of his job and the work stress increased his vulnerability and potential for a coronary attack.
Dr. Thomas Oelsner, defendants’ internist, agreed that Barnes is totally and permanently disabled and should retire. However, he opined that Barnes’ heart failure occurred from a weakness and lack of reserve in the heart muscle as a result of his previous infarctions. He reported that Barnes’ upper respiratory infection, his two mile walk, and the meal he ate before going to bed may have contributed to his attack and that his job played little, if any, role in its precipitation.
The defendants contend that Barnes failed to prove his heart attack was causally related to his employment. They also argue that he was not on the job or engaged in work related business when the attack occurred.
A compensable accident must arise out of the worker’s employment and occur during the course of employment. Both requirements must be met. La.R.S. 23:1031; Nix v. City of Houma, 488 So.2d 184 (La.1986).
Although work related stress or exertion preceding a heart attack bears a causal relationship to that attack even where there is pre-existing heart disease, the plaintiff is required to show by a preponderance that the work effort, stress or strain contributed in some degree (however slight) to his heart attack. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982) specifies at pp. 633:
For the heart accident to arise out of or be connected with the employment, the exertion stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life (footnote omitted)
The trial judge reasoned:
Considering the medical and the lay evidence the Court is of the opinion that his heart disease and permanent disabling condition is directly attributable to his work related stress. The Court is further of the opinion that there is medical correlation between the job duties, the incident and the claimant’s resulting permanent disability, attributable in part to the claimant’s two preexisting heart attacks as well as the exertion and stress associated with his employment at the defendant’s self-service gasoline station, and that the evidence is sufficient to support by a preponderance of the evidence that there was a causal connection between the claimant’s work activities and his cardiac decompensation on March *824 4, 1983. The Court will acknowledge that the claimant’s work activities were sedentary in nature, but considering all of the claimant’s work-related activities, including his seven day work week and irregular hours, the Court is of the opinion that the claimant’s heart condition was work related and a result of exertion and stress of a degree greater than that generated in everyday non-employment life.
We have no basis to disagree that there is a causal connection between Barnes’ work and his heart’s failure. Our inquiry is whether, in fact, the accident happened on the job, i.e., “during the course of employment.”
An accident occurs in the course of employment when it happens during the time of employment and at a location contemplated by the employment. Guidry, supra.
Our courts have interpreted “accident in the course of employment” to include a heart attack occurring at work during an authorized rest period, Guidry, supra, and an attack experienced by an employee driving from an out of town work-related seminar to his office. Nix, supra. However, the court in Chapman v. Belden Corp., 428 So.2d 396 (La.1983) denied recovery at p. 400:
Plaintiff was not on the job when his heart attack occurred ... [Tjhere is no evidence of any incident occurring during the course of his employment which marked the onset of his disability ... The heart attack did not happen in the course of employment; it happened five hours later, at Chapman’s home.
Barnes was off the job more than six hours and at home asleep when he first felt chest pains. He did not experience or exhibit any symptoms or report a problem while at work. The trial judge’s reasons omitted any reference to the “course of employment.”
The cold reality is that under these facts our jurisprudence does not permit recovery because the accident did not occur during the course of Mr. Barnes’ employment.[1]
The judgment is reversed.
REVERSED.

. We pretermit defendants' allegations that the trial court erred by allowing Dr. Hannie (a psychologist) to testify on medical causation, and that the prior compensation settlement (from Barnes' second heart attack) bars this claim.