524 So.2d 820 (1988)
Mary M. SAVOY, Plaintiff-Appellee,
v.
CAMERON PARISH SCHOOL BOARD, Defendant-Appellant.
No. 86-1285.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
*821 James E. Burks, Lake Charles, for plaintiff-appellee.
Raggio, Cappel, L. Paul Foreman, Lake Charles, for defendant-appellant.
Before DOMENGEAUX, FORET and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiff-appellee Mary M. Savoy filed suit against her former employer, defendant-appellant, Cameron Parish School Board, seeking worker's compensation benefits, medical expenses, penalties and attorney's fees. Plaintiff's suit was based on a myocardial infraction (heart attack) she suffered during her term of employment with the defendant. From a district court judgment declaring Mrs. Savoy to be permanently and totally disabled and awarding her full worker's compensation benefits and medical expenses, but denying her penalties and attorney's fees, plaintiff and defendant have appealed. Five issues are presented for our review:
(1) Whether or not the trial judge erred in commenting before all the evidence had been introduced at trial that plaintiff's chest pains probably commenced on July 9, 1984.
(2) Whether or not the trial judge erred in ruling in plaintiff's favor immediately at the conclusion of the trial rather than taking the case under advisement in order to read two deposition that were submitted into evidence.
(3) Whether or not the trial judge erred in determining that plaintiff suffered a heart attack from chest pains which commenced on July 9, 1984, while plaintiff was at work.
(4) Whether or not the trial judge erred in determining that plaintiff proved by a preponderance of the evidence a causal connection between plaintiff's heart attack and her duties performed at work.
(5) Whether or not the trial judge erred in refusing an award to plaintiff of attorney's fees and penalties.

FACTS
Mrs. Mary M. Savoy was employed as a sweeper by the Cameron Parish School Board. On Monday, July 9, 1984, Mrs. Savoy, then 52 years old reported to work around 4:00 p.m. at the School Board's administrative offices. As was frequently the case, Mrs. Savoy's two daughters, Viola Lute and Mary Joe Moore accompanied their mother in order to assist her with various janitorial tasks. On this particular evening, Mrs. Savoy found that someone had apparently cleared out an office as five (5) large garbage bags filled with books and papers had been placed in the hallway. Mrs. Savoy tried to pick up the bags but found them to be too heavy to carry. She *822 located a dolly and carted them to a dumpster. Plaintiff's daughter, Mary Joe, testified that she helped her mother remove these heavy bags. Mrs. Savoy next started to sweep the hallway. She never completed this task because she soon started to experience sharp pains in her chest. She called to her daughters for help and was assisted onto a nearby couch to rest. The daughters quickly finished cleaning the offices and shortly thereafter took their mother home.
Plaintiff's chest pains continued all night. Early Tuesday morning, Mrs. Savoy saw her regular general practitioner, Dr. Cecil Clark. She informed Doctor Clark that the pain started at work the previous evening. After preliminary testing, Doctor Clark found no signs of a heart attack, but instead believed Mrs. Savoy to be suffering from angina pectoris. Since the pains were not subsiding, Doctor Clark admitted plaintiff into South Cameron Memorial Hospital for further testing. An enzyme test and electrocardiagram showed no evidence of a heart attack. However, because the pains did not respond to a treatment of nitroglycerin and demerol, Doctor Clark transferred Mrs. Savoy on Wednesday evening at 9:25 p.m. to St. Patrick's Memorial Hospital in Lake Charles for further testing.
When she arrived at St. Patrick's Hospital, Mrs. Savoy was interviewed for admission by Shelia Veronie, R.N. Mrs. Savoy told Nurse Veronie that her chest pains began on Sunday, July 8, 1984, the day before she was at work. Dr. Charles Woodard, a cardiologist at St. Patrick's also conducted an admission interview with Mrs. Savoy and was told by her that her pains began "three days ago". Tests at St. Patrick's indicated that Mrs. Savoy had indeed suffered a heart attack. Doctors Clark and Woodard concluded that the heart attack occurred after the admission to South Cameron Memorial Hospital but before the admission to St. Patrick's; possibly even while en route from Cameron Memorial to St. Patrick's. Mrs. Savoy underwent a coronary artery bypass in Houston six weeks later.
Doctor Woodard testified that Mrs. Savoy suffered from atherosclerosis, a long term, progressive illness that was probably unrelated to her occupation and that this illness was the long term cause of her heart attack. However, he also stated that the strain from the physical exertion of lifting the heavy garbage bags was the precipitating factor that caused the heart attack.
Mrs. Savoy testified that she notified Mr. Roger Richard of the Cameron Parish School Board of her heart attack and the circumstances out of which it developed. She also filed a claim for worker's compensation benefits but never received any benefits from the School Board.
The trial judge awarded Mrs. Savoy full worker's compensation benefits and medical expenses but denied penalties and attorney's fees because plaintiff failed to present sufficient proof of demand and denial on the part of her employer. Both plaintiff and defendant have appealed portions of this ruling.

TRIAL JUDGE'S COMMENTS AND RULINGS
Defendant argues that the trial judge committed manifest error in two instances: (1) by concluding during the trial that plaintiff's chest pains began on July 9, 1984, and (2) by ruling in plaintiff's favor immediately from the bench rather than taking the case under advisement. Defendant argues that the judge made both of these determinations before he reviewed all of the evidence and thus, his rulings were manifestly erroneous.
At the trial, before any witnesses were called, plaintiff's counsel introduced the deposition of Dr. Charles Woodard, the cardiologist at St. Patrick's Hospital. Mrs. Savoy, the plaintiff, was the first witness called. However, because the next scheduled witness, Dr. Cecil Clark, was on a limited time schedule, Mrs. Savoy's testimony was interrupted and Doctor Clark gave his testimony. The minutes reflect that a recess was taken at the conclusion of Doctor Clark's testimony. Mrs. Savoy then returned to the stand to conclude her testimony. *823 Defendant's counsel started to cross-examine Mrs. Savoy as to the actual date her chest pains started. The following colloquy took place:
"Q. Well, is July 9th the day that you supposedly had ...
A. Yeah.
THE COURT: Well, we're pretty much sure of that."
The judge's comment was unobjected to by defense counsel and Mrs. Savoy's cross-examination continued.
On appeal, defendant argues that the trial judge had not yet heard all of the evidence as to when Mrs. Savoy's chest pains actually began. Defendant claimed that since there was some forthcoming evidence which indicated that the pains may have begun on Sunday, July 8, 1984, while plaintiff was at home, the trial judge was manifestly erroneous in concluding at this point in the trial that the plaintiff's chest pains began on July 9, 1984, while plaintiff was at work.
The comment did not constitute a finding of fact by the trial judge as to when Mrs. Savoy's pain started. Rather, the comment merely reflected the judge's assessment of the evidence that had been presented thus far. At this point in the trial, the following testimony of the date of the onset of the pains had been given: (1) Mrs. Savoy stated that the pains began on Monday, July 9, 1984, while at work; (2) Doctor Clark corroborated this by stating that Mrs. Savoy told him at her initial visit on Tuesday morning that the pains began the evening before; (3) Doctor Woodard testified in a deposition that Mrs. Savoy had told him on Wednesday night that her pains began "three days ago", an indication that the pains began earlier than Monday evening. However, taking into account Mrs. Savoy's drugged condition and the trauma she was then experiencing, the reliability of her calculation given to Doctor Woodard was put into question. It was at this point in the trial that the judge commented as to the date the pains began. The judge's comment does not indicate that he was making a finding of fact that Mrs. Savoy's chest pains began July 9, 1984. Rather, the comment was nothing more than the judge's assessment of what the evidence had presented thus far.
Furthermore, the primary reason why a judge should not comment on the evidence is to avoid influencing a jury. See La.C.C. P. art. 1791. As there was no jury in this case, the judge's comment would not have influenced any other trier of fact. Hence, defendant suffered no prejudice from the comment.
Therefore, because defendant suffered no prejudice and since the comment held no final factual determination by the trial judge, the comment, even if it could be considered an error, was harmless.
Defendant also contends the trial judge erred in ruling in plaintiff's favor immediately from the bench rather than taking the case under advisement. Defendant claims that this was error by the trial judge as he could not have reviewed the two depositions previously placed into evidence.
A review of the record indicates that a recess was taken after Doctor Clark's testimony. During this time, conceivably the judge could have reviewed Doctor Woodard's deposition which had been submitted earlier. Nurse Veronie's deposition was the only other deposition submitted into evidence. Her testimony was introduced to show that Mrs. Savoy had indicated to Nurse Veronie on the Wednesday evening that Mrs. Savoy was admitted to St. Patrick's, that her chest pains began on Sunday, July 8, 1984, rather than plaintiff's version of Monday, July 9, 1984.
La.C.C.P. art. 1637 provides:
After the trial is completed, the court may pronounce judgment or take the case under advisement.
Therefore, under the Code the Judge may properly rule from the Bench as the trial judge did in this case. As will be discussed more fully infra, after reviewing the record, there was sufficient evidence to support the ruling of the judge. Hence, even concluding arguendo that the trial judge erred in ruling from the bench without reading Nurse Veronie's deposition, it *824 was harmless error, as the verdict is supported by the evidence.

FINDINGS OF FACT
Defendant contends that the trial court erred in finding that Mrs. Savoy's chest pains first started when plaintiff was at work. Defendant also argues that the trial court erred in finding that the chest pains and subsequent heart attack were brought on by the physical labor Mrs. Savoy performed at work.
La.R.S. 23:1031 provides that:
If an employee not otherwise eliminated from the benefits of this Chapter, received personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation...
Therefore, for recovery of worker's compensation benefits, the claimant must prove a twofold requirement: (1) that the accident arose out of the employment, and (2) that the accident occurred during the course of the employment. Nix v. City of Houma, 488 So.2d 184 (La.1986); Guidry v. Sline Indus. Painters, Inc., 418 So.2d 626 (La.1982).
Defendant initially argues that there was insufficient evidence presented proving that Mrs. Savoy experienced her chest pains while she was at work. Thus defendant argues that plaintiff failed to establish that the heart attack arose during the course of her employment.
An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Reid v. Gamb, Inc., 509 So.2d 995 (La.1987); Guidry v. Sline, supra; Lisonbee v. Chicago Mill Lumber & Co., 278 So.2d 5 (La.1973). A heart attack occurring after working hours which was brought on from stress, strain or exertion at work has been held to be an accident occurring during the time of employment. Jolibois v. Hartford Acc. & Ind. Co., 486 So.2d 283 (La.App. 3rd Cir. 1986); Weber v. McLean Trucking Co., 265 So.2d 628 (La.App. 3rd Cir.1972).
Plaintiff presented several witnesses who testified that Mrs. Savoy's chest pains began on the evening of Monday, July 9, 1984, while she was at work. These included Mrs. Savoy; her daughter, Mary Joe Moore; her husband, Mr. Joseph Savoy; and Dr. Cecil Clark. Doctor Clark testified that on the Tuesday morning Mrs. Savoy came to see him, she told him the pains began the night before. Two witnesses who spoke to Mrs. Savoy on Wednesday night when she was admitted to St. Patrick's Hospital in Lake Charles, Doctor Woodard and Nurse Veronie, both testified that Mrs. Savoy told them the pains began "three days ago" or on Sunday, July 8, 1984, indicating a time when she was not at work. The trial judge believed the testimony of those witnesses who said the pains began when Mrs. Savoy was at work.
Where there is conflicting testimony, the reviewing court will not disturb the reasonable evaluations of credibility and reasonable inferences of fact made by the trial court. Chapman v. Belden Corp., 428 So. 2d 396 (La.1983); Canter v. Koehring Co., 283 So.2d 716 (La.1973); Ward-Steinman v. Karst, 465 So.2d 227 (La.App. 3rd Cir. 1985). Doctor Clark was an unbiased disinterested third party. His testimony supported Mrs. Savoy's contention that the pains began on Monday, July 9, 1984 as this is what she told him on Tuesday, July 10, 1984. The trial judge does not appear to have committed manifest error in his evaluation of the presented testimony. His finding that Mrs. Savoy's chest pains began while at work are supported by the evidence and will not be disturbed on appeal.
Defendant also contends that the plaintiff failed to present sufficient evidence that her heart attack was caused by her physical exertion at work. Thus, defendant argues that the plaintiff failed to prove by a preponderance of the evidence that the injury "arose out of" her employment, the second element to be proven under La.R.S. 23:1031.
Arising out of employment contemplates that the accident be the result of some risk to which the employee is subjected *825 in the course of his employment and to which he would not have been subjected had he not been so employed. Guidry v. Sline, supra. In cases where a heart attack is suffered by an employee during the course of his employment, work-related mental and physical stress or exertion preceding the heart attack may provide a causal link between the heart attack and the employment, satisfying the requirement under La.R.S. 23:1031 that the accident "arise out of" the employment. The stress or strain need not be abnormal; it must only be greater than the stress and strain involved in everyday non-employment life. Nix v. City of Houma, supra; Guidry v. Sline, supra.
A prima facie case is established when a claimant can show that he underwent exertion, stress or strain during his employment greater than that which would be involved in everyday non-employment life and he subsequently experiences a heart attack. Guidry v. Sline, supra.
Mrs. Savoy testified that while at work on the evening in question, she was required to remove five large garbage bags filled with books and trash. Her daughter corroborated Mrs. Savoy's testimony that her mother tried to remove these heavy bags. They were so heavy, Mrs. Savoy needed her daughter's assistance in loading them onto a dolly. Mrs. Savoy testified that these bags were much heavier than anything she would have lifted at home. Within minutes of finishing this arduous task, while sweeping the floor, Mrs. Savoy was struck with severe chest pains and she had to rest and let her daughters finish the janitorial duties. The pains continued for three days, at which time tests showed that Mrs. Savoy had suffered a heart attack. Doctor Woodard, the cardiologist, diagnosed Mrs. Savoy as having atherosclerosis, but testified that the physical strain performed by Mrs. Savoy at work was the precipitating factor of her heart attack.
Based on the above facts, we find that plaintiff presented sufficient evidence that her heart attack arose out of her employment. The evidence established that the chest pains and subsequent heart attack were induced by the physical strain Mrs. Savoy underwent in removing the heavy bags. Based on the foregoing evidence, we affirm the trial court's ruling that Mrs. Savoy is entitled to full worker's compensation benefits.

PENALTIES AND ATTORNEY'S FEES
Plaintiff has appealed that part of the trial judge's ruling denying penalties and attorney's fees for the employer's failure to pay benefits.
Under La.R.S. 23:1201(E) and 1201.2 penalties and attorney's fees are to be awarded to the claimant who is denied worker's compensation coverage when such denial was arbitrary, capricious and without probable cause. When an employer or his insurer reasonably controverts the claimant's right to worker's compensation benefits, the penalties and attorney's fees shall be denied. La.R.S. 23:1201(E), Olson v. Insurance Company of State of Pa., 471 So.2d 1151 (La.App. 3rd Cir.), writ denied, 476 So.2d 352 (La.1985).
The trial court denied plaintiff penalties and attorney's fees because plaintiff presented insufficient evidence of the employer's denial of coverage. The record supports the trial judge's holding. Plaintiff presented little evidence of the employer's refusal to pay, outside of the obvious fact that a suit was brought to compel payment of benefits. Additionally, defendant contested Mrs. Savoy's claim by arguing that the heart attack did not occur during nor arise out of the course of her employment. Evidence existed which supported both sides of the dispute. Ultimately, this evidence was determined to be in plaintiff's favor. We do not find that the defendant was arbitrary and capricious in their refusal to award Mrs. Savoy's benefits. For the foregoing reasons the trial judge's decision denying Mrs. Savoy penalties and attorney's fees is affirmed.
For the above reasons, the district court's ruling is affirmed. Costs on appeal are to be paid by the defendant.
AFFIRMED.