527 So.2d 573 (1988)
Rosa W. WOOLEY, Plaintiff-Appellant,
v.
STATE of Louisiana, Through the DEPARTMENT OF HEALTH AND HUMAN RESOURCES, Defendant-Appellee.
No. 87-544.
Court of Appeal of Louisiana, Third Circuit.
June 22, 1988.
*574 Larry Arbour, West Monroe, for plaintiff-appellant.
Provosty, Sadler & Delaunay, Albin Provosty, Alexandria, for defendant-appellee.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns worker's compensation benefits for a heart attack injury.
Mrs. Rosa W. Wooley filed suit against the State of Louisiana, through the Department of Health and Human Resources, to recover worker's compensation benefits. The trial court found that plaintiff's myocardial infarction was not work-related and thus, she was not eligible for worker's compensation benefits. Plaintiff brings this appeal, contending that (1) the trial court erred and clearly abused its discretion in failing to find plaintiff's heart attack was causally related to occupational stress; and, (2) the trial court erred and clearly abused its discretion in failing to find that defendant was arbitrary and capricious in not paying the medical bills plaintiff sustained as a result of her heart attack, in terminating plaintiff's worker's compensation weekly benefits in May 1986, and, in failing to award plaintiff statutory penalties and attorney's fees. For the following reasons we affirm.

FACTS
Plaintiff, 64 years of age, was employed as a gate guard at Central Louisiana State Hospital in Pineville. She had been employed with the hospital since October 3, 1963, and had been a gate guard since 1972. On December 16, 1985, plaintiff began experiencing chest pains while she was at work. She left work and was admitted to Rapides General Hospital by her family physician, Dr. Jonathan S. Forester. Plaintiff was diagnosed as having suffered an acute myocardial infarction.
Defendant paid worker's compensation benefits to plaintiff through May 25, 1986, at a rate of $162.17 per week. However, these benefits were terminated when defendant concluded that plaintiff's heart attack was not work-related.
At the time of plaintiff's heart attack, she weighed approximately 260 pounds, was being treated for diabetes and had hypertension. Shortly after plaintiff's heart attack, she underwent a cardiac catheterization. This test revealed that plaintiff had coronary artery disease with 90% blockage in one vessel, 75% blockage in another and 50% blockage in a third. There was also some slight damage to plaintiff's heart secondary to her myocardial infarction. She also had a family history of coronary artery disease. It was recommended that she have a coronary bypass, but only after considerable weight reduction. Plaintiff has not returned to work since sustaining her heart attack.

CAUSATION
Plaintiff contends that her heart attack was causally connected to occupational stress, thus entitling her to worker's compensation benefits.
In order for plaintiff to recover benefits under the Louisiana Worker's Compensation *575 Act, she had the burden of establishing that she received a personal injury by an accident arising out of and in the course of her employment. LSA-R.S. 23:1031. Plaintiff met this burden in that it is well-settled in Louisiana jurisprudence that a heart attack, such as a myocardial infarction, is injury by accident. Schneider as Tutrix of Schneider v. Strahan, 422 So.2d 1377 (La.App. 1st Cir.1982), affirmed, 449 So.2d 1338 (La.1984); Roussel v. Colonial Sugars Company, 318 So.2d 37 (La.1975); Bertrand v. Coal Operators Casualty Company, 253 La. 1115, 221 So.2d 816 (1969). Therefore, the only remaining issue for our determination is whether or not plaintiff established the requisite causal connexity between her heart attack and her employment.
There must be a causal link between the employment and the accident and the law imposes upon plaintiff the burden of proving that causal link by a preponderance of the evidence. Guidry v. Sline Industrial Painters, Inc., 418 So.2d 626 (La.1982). In the present case, the trial court found that there was no causal connection between plaintiff's injury and her work.
In determining causation in heart attack cases, the Louisiana Supreme Court in Guidry, supra, at page 633, stated:
"For the heart accident to arise out of or be connected with the employment, the exertion stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in everyday non-employment life (e.g., as compared to the more or less sedentary life of the average non-worker).
In other words if the activities in which the worker with a pre-existing heart disease is engaged, whether for his job usual and customary or not, entail exertion, stress or strain greater than would be involved in everyday non-employment life and he experiences a heart accident, he has made a prima facie showing that the accident arose out of or was connected with, the employment.
However, simply being at work on the job is not enough, since at the time of and for an appreciable period before the accident such worker (i.e., with a pre-existing heart disease) may not have been engaged in his usual stressful activities, or his usual work may have been of a sedentary nature, or may have involved no physical stress or exertion beyond that generated in everyday non-employment life. In either of these latter cases, it is difficult to say that the accident arose out of the worker's employment rather than that the accident arose out of or was prompted simply by the pre-existing heart disease." (Footnotes omitted.)
Plaintiff was an attendant at the main gate of Central Louisiana State Hospital. She worked the 7:00 a.m. to 3:00 p.m. shift, which was the busiest of all the shifts. Plaintiff operated the hydraulic gate by pressing a foot pedal and moving a lever forward or backward to close or open the gate.
Her duties also included logging in and out employees who came in late or left the grounds during normal working hours. She had to keep records of any patient visitors, such as the name of the patient to be visited, the visitor's name, the building in which the patient was located and the visitor's license number. She was required to do this for eight hours with no breaks, not even a dinner break. Also, she was required to operate the gates for anyone else that entered or exited the grounds.
Other gate attendants testified about how exhausting this work was and how emotionally stressful it was when cars would line up and honk their horns to hurry the gate attendants.
In its written reasons for judgment, the learned trial court stated:
"Although the job title of `gate guard' does not set forth visions of extra-ordinary physical exertion or stress, the court is convinced that plaintiff's usual and customary duties were in fact physically and emotionally stressful; or at the very least they involved stress or strain greater than would be involved in her everyday non-employment life. (Although there was some evidence that plaintiff's homelife was more stressful than her job, there is no direct evidence of this fact and the evidence on which this implication was based was specifically refuted by plaintiff and her son.) *576 At the time of and prior to plaintiff's accident she was performing her normal and customary duties. Nothing had occurred that morning to cause any unexpected excitment [sic] or abnormal or unusual physical or emotional stress or strain.
Under the Guidry case (supra) and in the recent case of Nix v. City of Houma, 488 So.2d 184 (La.1986) our Supreme Court has indicated than when an employee entails exertion, stress or strain greater than would be involved in everyday non-employment life and experiences a heart accident, that he has made a prima facia [sic] showing that the accident arose out of or was connected with the employment. (Guidry, page 633 and Nix, page 186) Plaintiff argues, and standing alone this language seems to indicate, that under such circumstances, without the necessity of any medical evidence relating the employment to the accident, plaintiff has established a prima facia [sic] case and is entitled to compensation unless the defendant comes forward with evidence to the contrary. However, in the Nix case as well as in all other cases reviewed by the court involving heart attack accidents where the plaintiff was successful, there has been some medical evidence connecting the employment to the accident. In fact, a footnote in the Guidry decision following that language setting forth the requirements for a prima facia [sic] showing states as follows: "`It should be noted that this standard does not relieve the plaintiff of the necessity of presenting evidence of medical causation. This recognizes, however, that the courts are the ultimate decision makers and must decide legal causation questions definitively where proof of medical causation may at best be indefinite." (page 633, footnote 16)'"
In the instant case, there is absolutley [sic] no medical evidence whatsoever linking plaintiff's accident to her employment. In fact, Dr. Forrester, [sic] her family physician, did not even mention her work as a risk factor in causing her heart attack. He pointed to her weight of 263 pounds, her hypertension, diabetes, family history of heart disease and possibly stress. On the question of stress, he referred to stress at home and not at work. Her duties were never described to him and he made no comment on what effect those duties might have had on her heart attack. The same can be said for the testimony of Dr. Chaudhry, a heart specialist, who diagnosed and initially treated the plaintiff. The depositions of these two doctors are the only medical evidence in the record.
Although I am aware that causation is a legal determination that must be made by the courts, we must nevertheless have some medical basis, no matter how slight or indefinite, on which to base our legal conclusion. Some qualified person must tell us that the plaintiff's job related activity could cause or contribute to her accident. As I understand our jurisprudence, we cannot presume or take judicial notice of this possibility simply because the accident occurred on the job and the job involved some physical or mental stress. As the record is devoid of such evidence, judgment must be rendered in favor of defendant, dismissing plaintiff's suit at her cost."
Unless the trial court's factual findings of work causation were clearly wrong, we will not reverse such holding on appellate review. Boren v. Louisiana Pacific Corporation, 486 So.2d 1190 (La.App. 3rd Cir. 1986) writ denied, 489 So.2d 1277 (La.1986); Crump v. Hartford Accident & Indemnity Company, 367 So.2d 300 (La.1979). After a thorough review of the record, we can not say that the trial court was manifestly erroneous in its determination that plaintiff's heart attack was not causally related to occupational distress. By this conclusion, the remaining assignment of error is rendered moot.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff.
AFFIRMED.