YELVERTON, Judge.
Morgan Briggs, a Deputy Sheriff with the Grant Parish Sheriffs Office, had a heart attack while on the job and died. The plaintiff, Grace Briggs, was married to Morgan at the time of his death. Ms. Briggs brought suit to recover a $20,000 payment from the Law Enforcement Officers and Firemen’s Survivors Benefit Fund as provided in La. R.S. 33:2201 (1988). The trial court rendered a verdict in her favor after determining that Morgan died as a result of injuries arising out of and in the course of performing his official duties as a deputy sheriff. The Sheriffs Department appealed. We affirm.
January 2, 1989, was Morgan’s first day back to work after a two week vacation. On that day Morgan and his son, Lamar, also a deputy with the Grant Parish Sheriffs Department, were the only two deputies on duty, and they covered all of Grant Parish. At mid-morning Morgan spoke about the stress of his job and how he wished he could quit.
Later that day, Morgan was on the road responding to a disturbance call. He pulled his patrol car off the road. Steve Honeycutt testified that he noticed the deputy sitting motionless. Honeycutt approached the vehicle and found Morgan experiencing a heart attack. Morgan was later pronounced dead at Rapides General Hospital. Dr. Stephen H. Norman, M.D., after performing an autopsy, determined that Morgan’s death was caused by an acute myocardial infarction.
A surviving spouse of a law enforcement officer who dies under certain circumstances, is entitled to a $20,000 benefit from the Law Enforcement Officers and Firemen’s Survival Benefit Fund as provided in La.R.S. 33:2201 (1988). The statute’s language requiring that the death be work-related is:
It is hereby declared to be the public policy of this state, under its police power, to provide for the financial security of surviving spouses and dependent children of law enforcement officers where such officers suffer death as a result of any injury arising out of and in the course of the performance of his official duties as such officer, or arising out of any activity, while on or off duty, in the protection of life or property.
The benefit scheme of this statute reflects a legislative desire to afford financial security to the families of police officers due to the hazardous and life-threatening nature of police work. Guste ex rel. Cowrville v. Burris, 427 So.2d 1178 (La.1983).
In determining that Morgan died as a result of an injury arising out of and in the course of the performance of his official duties, the trial court applied worker’s compensation principles of law. This was not error.
La.R.S. 33:2201 (1988) limits a covered injury resulting in death to one that arises out of and in the course of performance of official duties. Except for the additional requirement that the injury be by accident, the worker’s compensation law of this state, in *58 La.R.S. 28:1031 (1985), uses identical language, “arising out of and in the course of’ employment, to limit coverage. La.Civ.Code art. 12 tells us that laws on the same subject matter must be interpreted in reference to each other. La.R.S. 33:2201 (1988) and the workmen’s compensation law both deal with “injuries” that arise out of and in the course of employment. Both are remedial laws intended to compensate for injuries on the job. La.R.S. 33:2201 (1988) has no jurisprudence as to whether a heart attack is an injury that can arise out of and in the course of employment.
The Louisiana Supreme Court has said that laws in pari materia, or on the same subject matter, must be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another. State v. Freeman, 411 So.2d 1068 (La.1982). Therefore, we will look to the workmen’s compensation law for guidance as to what is meant by an injury that arises out of and in the course of employment.
The Supreme Court in Carruthers v. PPG Industries, Inc., 551 So.2d 1282 (La.1989) held that the causal link between the work and the heart attack is established by proof that the employee was engaged in job related activities that were more stressful than the activities of his non-employment life. This test is appropriate for the present case only for the purpose of determining whether the death-causing-injury arose out of and in the course of employment. We are not concerned with the recent amendment to La. R.S. 23:1021 (1985) redefining heart-related or perivascular injuries as personal injuries by accident, because the statute we are applying, La.R.S. 33:2201 (1988), makes no requirement that the injury be by accident.
Plaintiff presented several witnesses who testified that Morgan was under stress and had a lot of anxiety about his job. Deputy Jody Bullock testified that being a police officer was a stressful occupation. Lamar Briggs, the decedent’s son and also a deputy at the time of his father’s death, testified that being a police officer was stressful because at any time your life could be on the line. Lamar also testified to the fact that he and his father were the only two deputies covering all of Grant Parish on January 2, 1989. The decedent’s wife, Grace, stated that on the day her husband died, he complained about his job and how he wished he could quit. The trial court noted in its reasons for judgment the deposition testimony of Dr. Stephen Norman. Dr. Norman, who performed the autopsy on the decedent, stated that Morgan had severe coronary atherosclerosis. Dr. Norman further stated that unusual stress could predispose someone with this type of heart condition to have a heart attack.
The trial court determined that Morgan’s level of mental stress and anxiety while on duty that day was greater than any stress or anxiety he experienced during his prior vacation or his non-employment life. Thus, Morgan’s heart attack was caused and did occur in the course of his employment. An accident occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. Savoy v. Cameron Parish School Board, 524 So.2d 820 (La.App. 3d Cir.1988).
The Sheriff’s Department urges that the trial court erred in its findings of fact. The defendant argues that the trial court’s determination of the facts are not supported by the record. We disagree.
A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error or unless it is clearly wrong. Furthermore, where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The trial judge’s finding that Morgan’s stress level at work was greater than in his non-employment life is supported by the evidence and will not be disturbed on appeal.
In an answer to the appeal Ms. Briggs seeks penalties and attorney’s fees for appellant’s alleged arbitrary and capricious actions in refusing to pay her claim and for filing this appeal.
*59 The statute whieh creates Ms. Briggs’ claim, La.R.S. 33:2201 (1988), does not provide for penalties and attorney’s fees. Even if we could so construe the statute, appellee did not pray for penalties and attorney’s fees. Damages for a frivolous appeal cannot be awarded in this case because the appeal is not frivolous.
For the above reasons the judgment of the district court is affirmed. Costs of this appeal are assessed against the defendants-appellants.
AFFIRMED.